STATE v. FRANK HENDERSON.

(Filed 24 December, 1920.)

1. **Courts—Continuance of Case—Discretion—Appeal and Error.**

   A motion of the defendant, indicted for a crime, to continue his case because he had not had time to prepare his defense is addressed to the sound discretion of the trial judge, and is not reviewable on appeal in the absence of abuse of this discretion.

2. **Appeal and Error—Objections and Exceptions—Brief—Assignments of Error.**

   The appellant must set out and discuss in his brief the exceptions he relies on, and his request, in his brief, that the Supreme Court consider all the exceptions set out in the record is not a compliance with the rule.

3. **Homicide— Murder— Premeditation— Method of Killing—Evidence— Manslaughter—Instructions.**

   A deliberate and premeditated purpose to kill may be evidenced by the manner employed in the taking of the life, as where there is evidence that the prisoner, living in adultery in another State, away from his home, returns thereto by rail, avoiding recognition, discovers another man with his wife, waits until he has left her, and then chokes her to death, etc., and upon this, and other conflicting evidence, a motion, based upon a lack of premeditation and motive, as of nonsuit thereon, will be denied; and *Held further*, under the evidence in this case, an exception that the judge failed to charge upon the aspect of manslaughter cannot be sustained.

APPEAL by defendant from *Long, J.*, and a jury, at September Term, 1920, of MADISON.

The defendant, together with one Gertrude Sams, was indicted for the murder of his wife. At the trial the defendant, Frank Henderson, was convicted of murder in the first degree, and Gertrude Sams was acquitted. From the judgment upon such conviction, Frank Henderson appealed to this Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. Coleman Ramsey and Mark W. Brown for defendant.*

BROWN, J. The defendant moved for a continuance of the cause because he had not had time to prepare his defense. This matter was presented to the presiding judge by affidavit, and he declined to grant the continuance. This is well settled to be a matter resting in the sound discretion of the judge, and will not be reviewed by us unless there is evidence of an abuse of such discretion. There is nothing of that sort in this record. The same may be said of a motion to remove the cause to another county.

In the typewritten brief of the counsel for defendant, we are requested to consider all the exceptions set out in the record. There are 186 pages of typewritten matter in this record, and the Court cannot be expected to hunt up all the exceptions of an appellant. We have frequently said that it was his duty to set out in his brief the exceptions that he relies upon, and to discuss them. We do not consider any matter of sufficient importance for us to consider which is not of sufficient importance to be discussed in the brief.

The exception to the refusal of the court to charge the jury that there was no evidence of murder in the first degree was properly overruled.

The defendant offered no evidence. There was evidence introduced by his codefendant, Gertrude Sams. The confessions of the defendant were introduced in evidence and properly admitted, and in these confessions he admits the killing of his wife. The counsel for the defendant contends that if his confession is true, he is not guilty of murder in the first degree, and the motion to nonsuit the first degree count should have been allowed, and the special instructions given.

This may all be true, but the jury is not required to accept the whole of the confession. They may accept a part and reject a part. In considering whether there is any evidence of premeditation and deliberation, the entire evidence must be considered, and in the aspect most favorable to the State.

The State's evidence tended to show that on the morning of 24 August, 1920, about 6:30, the dead body of defendant's wife was found upon the porch of the house where she lived, as though, apparently, laid out by some person. There was no hat upon her head or shoes or stockings upon her feet. Her hair was loose, and there were fragments of grass and leaves in it, while her feet showed signs of dirt, as though she had been walking barefooted. Dr. J. N. Moore, a practicing physician and coroner of Madison County, held the *post mortem* examination upon her body that day. He found a frothy mucus issuing from the mouth and

nose, imprints of finger nails on each side of her throat, black and blue spots on her left arm and right leg, this discoloration extending over the lower part of her throat and back of it, and over almost her entire back, and parts of both legs and both arms. He further stated that in his opinion she died of strangulation. The house itself was a small wooden house, with a porch in front, about two feet from the ground and about eight or ten feet wide. It is about fifteen or twenty feet from the road. On the side of the road, but about 77 steps away was a level place above the road covered with old dead leaves and things of that sort. There was evidence of a struggle there, and barefoot track and other tracks. Sheriff Bailey picked up a hairpin there that corresponded with hairpins in the hair of the deceased, and the dead leaves at that place corresponded with those in her hair. On the opposite side of the house from this place he also saw a woman's track, a heel of a woman's shoe, and it looked like a woman had gotten up on the bank and mounted a horse or something. He saw the whole track of the shoe (p. 55). Other witnesses testified to the track of this woman, and further on they discovered the track of a mule. The defendant acknowledged the killing of his wife. He said he came on No. 27 that passes "here" about 9:42 on the night of 23 August; that he got off the train at Barnard and started on out home. He was going down to Sandy Bottom, and coming up the road that comes down the railroad, about a mile this side of Betsy's Siding, and as he went on down the railroad he struck up with a man who had some whiskey, and who gave him two or three drinks of whiskey; that he went this road up Sandy Bottom and went around home, and when he got home there was a man there with a mule and his wife was on the porch, and he just passed right on down the road a little piece, and sat down, and he said that the man got on the mule and left, and said directly she came down where he was and said they got to talking, and one word brought on another, and said after a while he said he choked her, and said in a minute or two she got up and put her hand on his shoulder and took him by the arm and they went back up to the house, and she sat on the porch, and he sat down in the yard, and she fell over on the porch. He said he thought she was crying, and went up to her and saw she was dead; and he said that sorter straightened him up and he sorter straightened her out and left. Said he came on back down that same road to Betsy's Siding to the railroad, and said he passed here about three o'clock in the morning and caught a freight at Rollins' and went into Asheville and caught the early morning train out of Asheville into Spartanburg.

We think upon this evidence the jury may well have inferred that the killing of the wife by the husband was premeditated and deliberate. It doesn't require any great length of time to elapse between the time when

the design to kill is formed and when it is put into execution. When the purpose of killing is weighed long enough to form a fixed design to kill, and at a subsequent time, no matter how soon or how remote, it is put into execution, there is sufficient premonition and deliberation to constitute murder in the first degree. *S. v. Covington,* 117 N. C., 834; *S. v. Dowden,* 118 N. C., 1145.

There is evidence of motive to put the wife out of the way. The defendant had deserted his wife and children, according to the evidence, and had gone to another State and was living in adultery with his co-defendant, Gertrude Sams. He was intent on selling the home where his wife and children lived, but she refused to join in the execution of the deed.

On the afternoon of the homicide he left Spartanburg, South Carolina, and while riding on the train tried to conceal himself from the passengers who might recognize him. He got off the train between 9 and 10 o'clock the night of 23 August. According to his own statement, he went to his wife's home and, seeing a man there with a mule with his wife on the porch, he passed by and concealed himself until the man left. His own confession, as well as the evidence of the physician, shows that he strangled his wife to death. The evidence also shows that her body had been badly beaten up; that there were black and blue spots on her left arm and right leg, and all over her entire back and parts of both legs and both arms. The method employed to produce death is some evidence of a deliberate purpose to kill. A man may fire a pistol in the heat of passion and kill another, and unpremeditately, but one who strangles his wife and beats her to death, not only employs a most brutal and inhuman means, but he employs one that indicates a deliberate purpose to destroy life at all hazards. He has the opportunity to see the effect of what he is doing. There is time for repentence and of an opportunity to stop before he has finally carried out his fiendish purpose.

There is also evidence that the defendant had a confederate with him to assist him in getting rid of his wife, and this confederate, it is contended by the State, must have been Gertrude Sams.

It is useless, however, to discuss this evidence at length. There is abundant evidence to go to the jury that the defendant deliberately and purposely killed his wife, and that he had a very compelling motive which urged him on.

The defendant excepts because the judge failed to present to the jury a view of manslaughter. His Honor very properly charged the jury that there was no evidence of manslaughter in the case. There is no evidence that the wife was armed or committed any act which would excuse the conduct of the defendant.

No error.