STATE v. HUBERT RILEY AND ROSE STEELMAN.

(Filed 21 June, 1924.)

1. **Courts—Discretion—Trials — Criminal Law — Larceny — Appeal and Error.**

Exception by defendants, in a criminal action, that they were so hurried into the trial that they were deprived of the opportunity to get or prepare their evidence, is to a matter within the legal discretion of the trial judge, and is untenable on appeal in the absence of its manifest abuse, which must be made to appear to be available on appeal.

2. **Criminal Law—Evidence—Recent Possession—Nonsuit—Statutes— Trials.**

Evidence that the stolen automobile was in the recent possession of both defendants, with other circumstances tending to show guilt of them both, is sufficient to deny a motion as of nonsuit, under the statute, and declaration of identity of a defendant, made in the presence of both, were held to be competent as to each under the facts of this case.

3. **Courts—Discretion—Recent Possession—Evidence—Matters of Law— Jury—Appeal and Error—Harmless Error.**

The question as to whether the admissions of defendant, in a criminal action, were under disqualifying threats of the officers of the law, is in this jurisdiction a matter of law to be determined by the judge; but where he has ruled that the evidence is competent, his later submitting it to the jury is not prejudicial to the defendant, and will not be considered as reversible error on appeal.

4. **Criminal Law — Larceny — Evidence — Recent Possession — Instructions—Appeal and Error.**

Where the judge has correctly charged the jury on the evidence of recent possession of the stolen article, and has erroneously further charged thereon, a broadside exception is not available to the defendant on appeal, in the absence of a special request, especially if the further instruction is not to his prejudice.

STACY, J., dissenting.

INDICTMENT for larceny of an automobile, tried before *Shaw, J.,* and a jury, at December Term, 1923, of GUILFORD.

Defendants were convicted, and from judgment of the court on the verdict appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Robert H. Frazier and Wilson & Frazier for defendants.*

HOKE, C. J. Defendants excepted, first, that they were ruled to a trial of the cause at the same term the bill of indictment was found and so soon after the alleged theft that they were, in effect, denied the right to obtain necessary evidence; but our decisions are to the effect that this is a matter within the discretion of the trial judge and not the basis of a valid exception, unless there has been manifest abuse, and, on the facts presented, we are of opinion that no such abuse has been made to appear. *S. v. Burnett,* 184 N. C., 783; *S. v. Sultan,* 142 N. C., 569.

Defendants excepted further for the refusal of the court to allow their motion to nonsuit, made in apt time at the close of the evidence for the State, renewed at the close of the entire evidence. There were facts in evidence on the part of the State tending to show that the automobile in question, the property of B. H. Mitchell, an Essex coach, was stolen from one of the streets of Greensboro on "Saturday, 3 December, 1923," and was recovered on 13 December. Saturday seems to have been 1 December, and to that extent the evidence is confused; in any event it was found in possession and control of the defendants on Monday, 10 December, and both their conduct and their declarations concerning it tended to show their guilt. It was not seriously contended that there was a sufficient failure of proof to sustain a nonsuit as to defendant Riley, but it was very earnestly urged that the motion should have been allowed as to defendant Steelman, who was not examined nor shown at any time to have been in control of the car, but we do not so interpret the record. On the contrary, the witnesses who testified as to the possession on several occasions spoke of its being in possession of both defendants. Among other evidence admitted as against Riley and Steelman, it was shown that the two had the stolen car at the home of Riley's father, who lived near Pleasant Garden in said county, on Monday, 9th, or Tuesday, 10 December, 1923, and that defendant Steelman had there falsely introduced himself as a Mr. Brown of High Point. This testimony being from the police officer, S. J. Current, and John T. Carter, an agent, who testified that Steelman, having denied knowing anything about the stolen car, at

the request of Mr. J. H. Riley, the latter was taken to the jail to see if he knew Steelman and could identify him as being the man who was with his son, had the car at the home of the witness, and on the meeting Mr. Riley, the father, said: "Yes, sir; you are the man that was at my house and introduced yourself as Brown from High Point." True, this was declaration of Riley, but being made in the presence of Steelman, who made no denial, it became a fact in evidence relevant to the issue. *S. v. Jackson,* 150 N. C., 831. On the record we must hold that the motion for nonsuit was properly denied as to both defendants.

Again it is objected that there was error in his Honor's charge in leaving to the jury the question whether certain confessions or inculpating statements made by defendants were voluntary. The question of the competency of these inculpating admissions was raised when they were first offered, and counsel for defendants was allowed to cross-question the witness concerning them. On the preliminary inquiry the statements were ruled competent and admitted, and later in the progress of the trial, and after testimony for defense had been admitted tending to show that there had been improper inducements offered, the court left the question of whether or not they were voluntarily made to the jury with the direction that if found by them to have been made by reason of disqualifying threats and promises they should be disregarded. There is much authority for the course pursued by his Honor in this matter. *S. v. Wells,* 35 Utah, 400; appearing also in 136 Am. St. Rep., 158, and citing, with many other authorities, *Wilson v. U. S.,* 162 U. S., 613; 193 Pa. St., 512; but the law as it prevails in this jurisdiction refers the question of whether confessions are voluntary or not, and other like questions, to the judge. *S. v. Maynard,* 184 N. C., 653; *S. v. Andrew,* 61 N. C., 205; *S. v. Dick,* 60 N. C., 440; *Munroe v. Stutts,* 31 N. C., 49; Lockhart Handbook of Evidence, secs. 11-172-175. Doubtless if, in the progress of the trial, it should be made clearly to appear that the preliminary ruling admitting the evidence had been erroneous or unjustified, the court could change its first decision and withdraw the testimony, *Simon v. State,* 5 Fla., 285; but without such action, and where the preliminary order holds the declarations are evidence in the cause, and disqualifying facts and circumstances are to be considered by the jury only as affecting the weight that should be allowed them. It would seem, therefore, that on leaving the question to the jury after same had been admitted is not in accordance with our decisions, but it may not be held for reversible error, because if error be conceded, it was in defendant's favor. By the ruling of the court the admissions were in evidence, and in allowing the jury to reject them, if not voluntarily, this could not have worked to defendant's prejudice. An estimate approved also in *S. v. Dick, supra,* at p. 445 of 60 N. C.

Reports. Defendants except further, and urge for error, a portion of his Honor's charge as follows: "If you find beyond a reasonable doubt that the defendants were in possession of this car, and that it was a stolen car, Mr. Mitchell's car, then there is a rule of law that applies in cases of stolen property found in the possession of a third party. That rule is, gentlemen, that where property is stolen and recently thereafter said stolen property is found in the possession of a person, that person is presumed to be the thief of the property, and he is presumed to have stolen it; and that presumption, gentlemen of the jury, is stronger or weaker as it is nearer to the time of the larceny or farther removed from it. For instance, a car stolen on one night and found next day in the possession of a party, the presumption would be a strong presumption that he was the party who stole the property, but the farther removed the time the possession is found to be in the party from the time the property is stolen, the weaker the presumption becomes until it ceases to be a presumption at all, but only a circumstance." And again: "Now, the State contends that this car was stolen on 3 December, and that on the 10th or 11th these defendants had it in their possession, and that not more than a week or ten days had elapsed from the time the car was stolen. The State contends that cars are not property that is passed rapidly from person to person; that it takes some time to steal a car, and the State contends you ought to find beyond a reasonable doubt from the testimony that this was Mr. Mitchell's car which was stolen and which was found in the possession of these defendants recently after it was stolen, and that you ought to find they are the parties who stole the car." In the first of these instructions the court correctly lays down the law as it obtains in this jurisdiction as to the effect to be allowed generally to the recent possession of stolen property. *S. v. Lippard,* 183 N. C., 788; *S. v. Ford,* 175 N. C., 797; *S. v. Anderson,* 162 N. C., 571. And even if his Honor on the facts presented might have instructed the jury that no presumption was raised against defendants, the omission should not be held for reversible error in the absence of a specific prayer to that effect. *Simmons v. Davenport,* 140 N. C., 407. And more particularly is this true since the second of these excerpts in effect treats such possession as a mere inculpating circumstance.

On careful consideration of the entire record, we are of opinion that no reversible error has been shown, and the judgment below must be affirmed.

No error.

STACY, J., dissenting.