STATE v. W. L. ROSS.

(Filed 12 January, 1927.)

**1. Appeal and Error—Criminal Law—Homicide—Corpus Delicti.**

Upon conviction of murder in the first degree, the record on appeal must show the *corpus delicti.*

**2. Homicide—Murder—Verdict—Capital Felony.**

Where a prisoner is tried for murder in the first and second degrees, etc., a general verdict of guilty is insufficient under which to impose the death sentence, it being required that the verdict, under the evidence, specify the greater offense, if they so find the fact to be. C. S., 4200, 4642.

**3. Continuance — Criminal Law — Courts — Discretion — Constitutional Law.**

While ordinarily the continuance of the case to allow alleged offenders against the criminal law opportunity to prepare their defense, is a matter addressed to the sound discretion of the trial judge, the exercise of this discretion must not violate the provisions of Art. I, sec. 17, of our Constitution, stating that no person shall be deprived of his life or liberty, etc., but by the law of the land.

**4. Homicide—Murder—Capital Felony—Preconceived Intent—Evidence in Rebuttal—Drunkenness.**

There must be a preconceived intention to commit murder in the first degree, which may be rebutted by evidence that the accused was too drunk to have formed it.

ADAMS and CLARKSON, JJ., dissenting.

APPEAL by defendant from *Cranmer, J.,* at May Term, 1926, of WARREN.

Criminal prosecution tried upon an indictment charging the prisoner with a capital felony, to wit, murder in the first degree.

From an adverse verdict and sentence of death entered thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Cooley & Bone for defendant.*

STACY, C. J. This case presents a number of difficult questions.

In the first place, the prisoner is under a sentence of death for the murder of Eula Odum, and there is no evidence or admission on the record that any such crime was ever committed. All evidence of the *corpus delicti* has been omitted from the case, and it does not appear, by agreement or otherwise, that this was proved on the hearing. 7 R. C. L., 774. In justice to the trial court, it should be said that the

only part of the statement of case on appeal, which he settled, is the charge. The balance was agreed upon by the solicitor for the State and counsel for the prisoner.

In the next place, the exception addressed to the refusal of the court to grant the prisoner's motion for a continuance, at least until the second week of the term, in order that he might prepare his defense, presents a question, which, if we were compelled to decide on the present record, would probably find us in disagreement. While, ordinarily, this is a matter resting in the sound discretion of the trial court, nevertheless it should be remembered that the prisoner has a constitutional right of confrontation, which cannot lawfully be taken from him, and this includes the right of a fair opportunity to present his case. *S. v. Hartsfield,* 188 N. C., 357.

Again, in the record, as first certified to this Court, it is stated that the jury returned the following verdict: "That the said W. L. Ross is guilty of the felony and murder in manner and form as charged in the bill of indictment." It was said in *S. v. Truesdale,* 125 N. C., 696, that, since the act of 1893, now C. S., 4200 and 4642, dividing murder into two degrees, first and second, a verdict which fails specifically to find the prisoner guilty of murder in the first degree, will not support a death sentence. See, also, *S. v. Murphy,* 157 N. C., 614. Thinking that an error had probably crept into the record in making up the transcript on appeal, we directed a *certiorari* to the clerk, requiring another certificate of the record as it appears in the Superior Court of Warren County. In response, the clerk has certified a complete transcript of the minutes of the trial. The only record of the verdict appears in the judgment, reciting that the jury "for their verdict have said that the said W. L. Ross is guilty of the felony and murder in the first degree as charged in the said bill of indictment," and the judgment is recorded as the minute of the day's proceeding. Whether this is a sufficient compliance with the requirements of the law (C. S., 952, subsec. 8) we need not now determine, as a new trial must be awarded on other grounds.

These matters are mentioned, however, in passing, and attention is directed to them, in order that they may be guarded against in the future. It is fundamental with us and expressly vouchsafed in the bill of rights that no person shall be "deprived of his life, liberty or property but by the law of the land." Const., Art. I, sec. 17.

The prisoner, if permitted, would have testified that, on the day of the homicide, as well as the day preceding, he had been drinking "quite a bit," and that when he was under the influence of ardent spirits, "he lost his memory entirely." Sallie Bet Ross, the prisoner's adopted daughter and a witness for the State, would have testified on cross-examination, had she been permitted to do so, that the prisoner had

STATE v. ROSS.

attempted to commit suicide on one occasion and that he would "talk foolish" when under the influence of liquor, which he was in the habit of imbibing quite often.

This evidence was competent on the question of alleged felonious intent. *S. v. English,* 164 N. C., 498; *S. v. Allen,* 186 N. C., 302.

Speaking to the question in *S. v. Murphy,* 157 N. C., 614, *Hoke, J.,* correctly states the law applicable to the present case: "It is very generally understood that voluntary drunkenness is no legal excuse for crime, and the position has been held controlling in many causes in this State and on indictments for homicide, as in *S. v. Wilson,* 104 N. C., 868; *S. v. Potts,* 100 N. C., 457. The principle, however, is not allowed to prevail where, in addition to the overt act, it is required that a definite specific intent be established as an essential feature of the crime. In Clark's Criminal Law, p. 72, this limitation on the more general principle is thus succinctly stated: 'Where a specific intent is essential to constitute crime, the fact of intoxication may negative its existence.' Accordingly, since the statute dividing the crime of murder into two degrees and in cases where it becomes necessary, in order to convict an offender of murder in the first degree, to establish that the 'killing was deliberate and premeditated,' these terms contain, as an essential element of the crime of murder, 'a purpose to kill previously formed after weighing the matter' (*S. v. Banks,* 143 N. C., 658; *S. v. Dowden,* 118 N. C., 1148), a mental process, embodying a specific, definite intent, and if it is shown that an offender, charged with such crime, is so drunk that he is utterly unable to form or entertain this essential purpose he should not be convicted of the higher offense. It is said in some of the cases, and the statement has our unqualified approval, that the doctrine in question should be applied with great caution. It does not exist in reference to murder in the second degree nor as to manslaughter. Wharton on Homicide (3 ed.), 810. It has been excluded in well considered decisions where the facts show that the purpose to kill was deliberately formed when sober, though it was executed when drunk, a position presented in *S. v. Kale,* 124 N. C., 816, and approved and recognized in *Arzman v. Indiana,* 123 Ind., 346, and it does not avail from the fact that an offender is, at the time, under the influence of intoxicants, unless, as heretofore stated, his mind is so affected that he is unable to form or entertain the specified purpose referred to."

For error, as indicated, in excluding the testimony, above mentioned, there must be a new trial, and it is so ordered.

New trial.

ADAMS and CLARKSON, JJ., dissent.