STATE v. JOE GARNER, HERBERT GARNER, ET AL.

(Filed 19 October, 1932.)

1. **Criminal Law H a—Continuance should be granted where it is neces-
   sary to afford defendant fair opportunity to confront witnesses.**

   While a motion for a continuance is addressed to the sound discretion
   of the trial court such motion should be granted where it is necessary
   for the preservation of the defendant's constitutional right to a fair
   opportunity to confront his accusers and witnesses with other testimony,
   but where on appeal from the court's order refusing defendant's motion
   for a continuance, it is not made to appear that this right had been
   denied the exception to the court's refusal to grant a continuance will
   not be sustained.

2. **Criminal Law L c—Burden is on appellant to show error.**

   The burden is on appellant to clearly show that error has been com-
   mitted, as the presumption is against him.

APPEAL by defendants from *Sinclair, J.,* at February Term, 1932, of
DUPLIN.

Criminal prosecution tried upon an indictment charging the defend-
ants, Joe Garner and Herbert Garner, and two others, with robbing the
Bank of Magnolia of $14,000 on 12 January, 1932, and cognate offenses,
set out in a five-count bill.

The defendants were arrested on Tuesday, 2 February, the bill was
returned the next day and the trial was had on Friday of the same
week. The defendants asked for a continuance, or time within which to
prepare their defense. Motion overruled; exception.

From convictions and judgments thereon, the defendants appeal, as-
signing errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell
for the State.*
*R. D. Johnson and J. J. Gresham, Jr., for defendants.*

STACY, C. J. The only exception, which needs to be specifically
noticed, is the one addressed to the refusal of the court to grant the
defendants' motion for a continuance. While, ordinarily, this is a mat-
ter resting in the sound discretion of the trial court, nevertheless, it
should be remembered that defendants have a constitutional right of con-
frontation, which cannot lawfully be taken from them, and this includes
the right of a fair opportunity to face "the accusers and witnesses with
other testimony." Section 11, Bill of Rights; *S. v. Lea, ante,* 13; *S. v.
Ross,* 193 N. C., 25, 136 S. E., 193. But the record is barren of any

affidavits, or evidence tending to show a denial of this right. *S. v. Rhodes*, 202 N. C., 101, 161 S. E., 722; *S. v. Sauls*, 190 N. C., 810, 130 S. E., 848; *S. v. Riley*, 188 N. C., 72, 123 S. E., 303. In the absence of a clear showing, the exception must be overruled. The burden is on appellants to show error, and they must make it appear clearly, as the presumption is against them. *Baker v. Clayton*, 202 N. C., 741; *Poindexter v. R. R.*, 201 N. C., 833, 160 S. E., 767.

No error.