## STATE v. GEORGE WHITFIELD.

(Filed 20 June, 1934.)

**1. Constitutional Law F c—Right of confrontation includes right to fair opportunity to prepare case.**

The constitutional right of a defendant in a criminal prosecution to confront his accusers and adverse witnesses with other testimony, Const., Art. I, sec. 11, includes the right to a fair opportunity to prepare and present his defense, which right must be accorded him not only in form, but in substance as well.

**2. Criminal Law H c—**

A motion for a continuance is addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review on appeal, except in case of manifest abuse.

**3. Constitutional Law F c: Criminal Law H c—Refusal of motion for continuance held not to deny accused's right of confrontation.**

Defendant in this prosecution for rape was assigned counsel by the court. Two days after counsel had been assigned the case was called for trial, and defendant's attorneys asked for a continuance in order to prepare his defense. The motion was refused and defendant excepted. The controversy reduced itself to a question of veracity between ·defendant and the prosecutrix, there being no other witnesses to the crime. *Held,* upon the facts, it is impossible to determine on appeal that the refusal of the motion for continuance denied defendant his constitutional right of confrontation, and his exception to the refusal of the motion is not sustained.

**4. Criminal Law L c—**

In the absence of a clear showing of error an exception must be overruled on appeal.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Shaw, Emergency Judge,* at October Term, 1933, of GUILFORD.

Criminal prosecution tried upon an indictment charging the defendant with rape.

It is established by the State's evidence that on the morning of 3 October, 1933, the prisoner, who had been out the night before attending a dance, appeared at the home of the prosecuting witness, 511 Hinton's Alley, Greensboro, N. C., about an hour after her husband had left for his work at the Pomona Cotton Mill. The prosecuting witness was alone in the house at the time with the exception of her 15-months-old baby. She did not know the prisoner and had never seen him before. The prisoner, speaking to her from the front porch, said he had come to bring her husband a bottle of whiskey. On being informed that her

husband was at work and would not be back before three o'clock, the prisoner broke open the screen door, approached the prosecuting witness with an open knife in his hand, threatened to kill her if she made an outcry, knocked her baby out of her arms, choked her, threw her to the floor, and ravished her, forcibly and against her will. The prisoner then made his escape and was apprehended about a week later.

The prisoner, testifying in his own behalf, said that he was a bootlegger; that he had been in the home of the prosecuting witness a number of times to deliver home brew and whiskey; that on the morning in question she began quarreling with him about making her husband drunk; that he entered the house on her invitation: "I was standing beside the cot. Just as she walked by me she kinder pushed me over on the cot, unbeknownst to me, and so I fell back against the window and pulled the shade down, and the shade fell on my head"; that the prosecuting witness had a knife and was threatening to kill him; that he grabbed her arm and choked her in self-defense: "I draws her up to me and shoves her back against the wall; she falls and starts to hollering; I opens the door, takes a running start and jumps over the fence, and goes across the field; I hears her hollering: 'Arrest that man.'"

The prisoner further testified that he went on an extended tour, traveling by train and truck, first to Alexandria, Baltimore and Philadelphia and then to Boston; that he returned as soon as he thought the threat of mob violence was over.

The prisoner was arraigned on 23 October, and counsel duly appointed to represent him. His trial was set for 25 October. Upon the call of the case, counsel moved for a continuance on the ground that they had not had time to prepare the defense. Motion overruled; exception.

Verdict: Guilty of rape.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*Block & Rockwell for defendant.*

STACY, C. J. Did the refusal of the trial court to grant the prisoner's motion for a continuance impinge upon his constitutional right of confrontation? All the assignments of error, properly made, revolve around this one question.

The rule undoubtedly is, that the right of confrontation carries with it, not only the right to face one's "accusers and witnesses with other testimony" (sec. 11, Bill of Rights), but also the opportunity fairly to

present one's defense. *S. v. Ross,* 193 N. C., 25, 136 S. E., 193; *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629. A right observed according to form, but at variance with substance, is a right denied. *S. v. Garner,* 203 N. C., 361, 166 S. E., 180; *S. v. Hightower,* 187 N. C., 300, 121 S. E., 616; *S. v. Hardy,* 189 N. C., 799, 128 S. E., 152.

Speaking to the subject in *Powell v. Alabama,* 287 U. S., 45, it was said by the Court of final authority that "in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case."

That a reasonable time for the preparation of a defendant's case should be allowed counsel appointed by the court to defend him commends itself, not only as a rule of reason, but also as a rule of law, and is so established by the decisions. Annotation, 84 A. L. R., 544.

On the other hand, it is equally well established in this jurisdiction that a motion for a continuance is addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review on appeal, except in case of manifest abuse. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737; *S. v. Banks,* 204 N. C., 233, 167 S. E., 851; *S. v. Garner, supra; In re Bank,* 202 N. C., 251, 162 S. E., 568; *S. v. Rhodes,* 202 N. C., 101, 161 S. E., 722; *S. v. Sauls,* 190 N. C., 810, 130 S. E., 848; *S. v. Riley,* 188 N. C., 72, 123 S. E., 303.

In the instant case, the alleged crime was committed on 3 October; the prisoner was apprehended about a week later, and duly indicted at the October Term of court; he was arraigned on 23 October, and counsel appointed to represent him; his trial was set for 25 October. The facts were simple and the controversy reduced itself to a question of veracity between the prosecuting witness and the prisoner. There were no other witnesses to the crime. We cannot say, as a matter of law, that in ruling the defendant to trial, the court took from him his constitutional right of confrontation. *S. v. Rodman,* 188 N. C., 720, 125 S. E., 486; *S. v. Burnett,* 184 N. C., 783, 115 S. E., 57; *S. v. Henderson,* 180 N. C., 735, 105 S. E., 339; *S. v. Sultan,* 142 N. C., 569, 54 S. E., 841; *S. v. Dewey,* 139 N. C., 556, 51 S. E., 937. In the absence of a clear showing of error, the exceptions must be overruled. *S. v. Garner, supra.*

No error.

SCHENCK, J., took no part in the consideration or decision of this case.