STATE v. SETH GIBSON, JR.

(Filed 24 November, 1948.)

1. **Criminal Law § 81b—**

In order for appellant to be entitled to a new trial, the record must not only show error but also that appellant was prejudiced thereby.

2. **Criminal Law §§ 44, 81a—**

Ordinarily a motion for continuance on the ground of a want of time for counsel for accused to prepare for trial is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review except upon a showing of gross abuse of discretion.

3. **Criminal Law § 81a: Constitutional Law § 34a—**

Constitutional rights of one accused of crime cannot be granted or withheld by the court as a matter of discretion, and therefore claim of deprivation of such rights raises a question of law which must be considered and determined upon appeal.

4. **Constitutional Law § 34d—**

A defendant has the constitutional right to be represented by counsel whom he has selected and employed, and in prosecutions for capital felonies the court has an inescapable duty to assign counsel to a person unable to employ one. Constitution of N. C., Art. I, sec. 11; XIV Amendment to the Federal Constitution.

5. **Same: Criminal Law § 44—**

The constitutional guarantee of the right of counsel requires that the accused and his counsel shall be afforded a reasonable time for the preparation of his defense.

6. **Criminal Law § 44—**

Continuances are not favored and ought not to be granted unless the reasons therefor are fully established, and therefore an application for a continuance should be supported by an affidavit showing sufficient grounds for the motion.    G.S. 1-176.

**7. Same: Constitutional Law § 34d—Record held not to show that defendant was prejudiced by denial of motion for continuance.**

Trial of defendant charged with capital offense was set for the afternoon following the appointment of counsel for him by the court. Counsel moved for a continuance on the ground of insufficient time to prepare the defense and suggested that defendant should have an examination with a view of determining his mental state. Counsel gave no specific reasons for the assertion they had had inadequate time to prepare the defense, did not suggest that defendant was without sufficient mental capacity to undertake his defense, and did not state that they contemplated seeking his acquittal on the ground of insanity. Witnesses were few and resided in the neighborhood, and no complicated factual or legal questions were involved. *Held:* The record fails to show that the requested continuance would have enabled defendant and his counsel to obtain additional evidence or otherwise present a stronger defense, and therefore upon the record the denial of the motion was not prejudicial.

**8. Criminal Law § 57b—**

Motion for a new trial for newly discovered evidence may be made in the trial court at the next succeeding term after the case is certified down.

Appeal by prisoner, Seth Gibson, Jr., from *Rousseau, J.,* and a jury, at September Term, 1948, of Gaston.

The indictment alleged that on 5 September, 1948, the prisoner perpetrated the capital felony of rape upon a "female child under the age of twelve years" contrary to G.S. 14-21. He was arrested the same day, and indicted on the morning of 13 September, 1948, which was the opening day of the term. Immediately after the return of the indictment, the presiding judge found that the accused was not able to employ counsel, and appointed attorneys to defend him. After he had consulted with his counsel, the prisoner was arraigned and entered a general plea of not guilty, and the case was set for trial at two o'clock on the afternoon of the following day, *i.e.,* 14 September, 1948.

After the arraignment and before the trial, counsel for the accused moved orally for a continuance of the trial to a subsequent term. The record entry pertaining thereto is as follows:

"Counsel for defendant: We are moving for a continuance in the case on the grounds: First, that we haven't had ample time to prepare the case; second, that after conferring with the defendant we feel that he should be examined by a competent physician, and that due to the fact that he doesn't have any money the Court should order this examination. He should have a thorough examination. Any doctor will probably want to observe him over a period of two days. Court: Do you want it continued for any other witnesses than a doctor? Counsel for defendant: His father has laryngitis. We might be able to hear him and we might not. Solicitor: You don't make any contention that this defendant

doesn't know right from wrong? Counsel for defense: I do, at times. Court: Motion denied. Counsel for defendant: Exception. Defendant's Exception No. 1. Court: Let the record show that counsel for defendant were appointed by the Court on the morning of September 13, 1948, and that this action was set for trial at 2:00 p.m. the afternoon of September 14, 1948."

Trial proceeded according to schedule. The State offered testimony of a compelling nature tending to establish the matters set out in this paragraph. The prisoner, an adult man, enticed the prosecutrix, a small girl about ten years of age, into woods in or near Cramerton, and raped her, seriously lacerating her vaginal tissues and causing much hemorrhage. The prosecutrix made outcry at once and was carried to physicians, who observed her torn and bleeding state, and expressed opinion that it resulted from forcible penetration. Officers of the Sheriff's department arrested the prisoner in Gastonia some hours after the offense, and found blood and semen on the clothing he wore at the time. When apprehended, the prisoner was sober and sensible. Shortly thereafter, he confessed to sexual intercourse with the prosecutrix, and piloted officers to the spot in the woods where the assault took place.

The prisoner testified in substance that he suffered from a periodical amnesia on the day named in the indictment, and did not know where he was or what he did. Cross-examination indicated, however, that the memory of the accused was rather reliable with respect to events at other times and places.

His father testified that he was not normal in that he was addicted to brooding and the use of aspirin and "Standback."

The jury found the prisoner "guilty of rape as charged in the bill of indictment." The court refused to set aside the verdict, and entered judgment that the prisoner suffer death by the administration of lethal gas in conformity to the statute, G.S. 15-187. Thereupon the prisoner appealed to this Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*O. A. Warren and W. J. Allran, Jr., for prisoner, appellant.*

ERVIN, J. The sole basis for the demand of the prisoner for a new trial is that the court erred to his prejudice in refusing a continuance of the case.

While the circumstances lend some color to the argument that trial was had in the court below with regrettable dispatch, we must perform our function as an appellate court with due regard for the fundamental and indispensable rule that the record must not only show error, but also that

the appellant was prejudiced thereby. *S. v. Phillips,* 227 N. C. 277, 41 S. E. (2) 766; *S. v. Cogdale,* 227 N. C. 59, 40 S. E. (2) 467; *S. v. Perry,* 226 N. C. 530, 39 S. E. (2) 460; *S. v. Hart,* 226 N. C. 200, 37 S. E. (2) 487; *S. v. Smith,* 226 N. C. 738, 40 S. E. (2) 363; *S. v. Bullins,* 226 N. C. 142, 36 S. E. (2) 915; *S. v. Walls,* 211 N. C. 487, 191 S. E. 232; *S. v. Jones,* 206 N. C. 812, 175 S. E. 188. As *Chief Justice Stacy* so well said in the famous case of *S. v. Beal,* 199 N. C. 278, 154 S. E. 604: "The foundation for the application of a new trial is the allegation of injustice arising from error, but for which a different result would likely have ensued, and the motion is for relief upon this ground. Unless, therefore, some wrong has been suffered, there is nothing to relieve against. The injury must be positive and tangible, and not merely theoretical."

Ordinarily a motion for a continuance on the ground of a want of time for counsel for accused to prepare for trial is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review on appeal in the absence of circumstances showing that he has grossly abused his discretionary power. Relevant decisions compel the conclusion that an abuse of discretion has not been made manifest in the case at bar. *S. v. Henderson,* 216 N. C. 99, 3 S. E. (2) 357; *S. v. Godwin,* 216 N. C. 49, 3 S. E. (2d) 347; *S. v. Whitfield,* 206 N. C. 696, 175 S. E. 93; *S. v. Sauls,* 190 N. C. 810, 130 S. E. 848; *S. v. Burnett,* 184 N. C. 783, 115 S. E. 57.

But the prisoner does not rest his contention that prejudicial error occurred on the trial solely on the proposition that the court grossly abused its discretionary power in refusing to continue the trial of the case to a subsequent term. He asserts with much earnestness that the denial of his motion for a continuance deprived him of his constitutional right of representation by counsel. Since the constitutional rights of an accused cannot be granted or withheld by the court as a matter of discretion, this claim of the prisoner raises a question of law, which must be considered and determined. *S. v. Farrell,* 223 N. C. 321, 26 S. E. (2) 322.

Both the State and Federal Constitutions guarantee to every man the right to be represented in criminal prosecutions by counsel whom he has selected and employed. N. C. Const., Art. I, sec. 11; U. S. Const., Amend. XIV; *U. S. ex rel. Mills v. Ragen,* 77 F. Supp. 15. Besides, a state court has an inescapable duty to assign counsel to a person unable to employ one when such person is charged with a capital felony. *S. v. Hedgebeth,* 228 N. C. 259, 45 S. E. (2) 563; *S. v. Farrell, supra; Williams v. Kaiser,* 323 U. S. 471, 89 L. Ed. 398, 323 U. S. 471; *Powell v. Alabama,* 287 U. S. 70, 77 L. Ed. 171, 53 S. Ct. 55, 84 A. L. R. 527.

The right of representation by counsel is not intended to be an empty formality. As the Supreme Court of Georgia declared in *Blackman v.*

*State*, 76 Ga. 288 : "This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defense; it would be a poor boon indeed. This would be 'to keep the word of promise to our ear and break it to our hope.'" Hence, it has become an established principle of jurisprudence that the constitutional guaranty of the right of counsel requires that the accused and his counsel shall be afforded a reasonable time for preparation of his defense. *S. v. Farrell, supra; S. v. Whitfield, supra;* 22 C. J. S., Criminal Law, section 478.

When all is said, this appeal presents this precise problem : Does the record affirmatively show that the presiding judge denied the prisoner and his counsel a reasonable time in which to prepare the defense by ruling him to trial instead of continuing the cause? This question must be answered in the negative. *S. v. Whitfield, supra; Avery v. Alabama,* 308 U. S. 444, 84 L. Ed. 377, 60 S. Ct. 321.

As a general rule, continuances are not favored, and ought not to be granted unless the reasons therefor are fully established. *Commonwealth v. Miller,* 289 Mass. 441, 194 N. E. 463. In the nature of things, the ruling on a motion to continue must be based on matters called to the judge's attention at the hearing of the motion previous to trial on the merits. For this reason, it is desirable that an application for a continuance should be supported by an affidavit showing sufficient grounds for the continuance. Indeed, the relevant statute contemplates that this is to be done. G.S. 1-176; *S. v. Banks,* 204 N. C. 233, 167 S. E. 851.

Here, the prisoner did not undertake to support his oral motion for a continuance by affidavit or other proof. Moreover, the suggestions of his counsel did not indicate the existence of any substantial reason for the requested postponement beyond the natural reluctance of the accused to face immediate trial on so serious a charge. The action involved no complicated factual or legal questions. Witnesses were few, and resided in the neighborhood. For aught that appears in the record to the contrary, counsel had full opportunity to consult with the prisoner, to investigate the case, to interview witnesses, and to secure the attendance of witnesses at the trial. While they advised the court in a general way that they had not had ample time to prepare the defense, they gave no specific reasons for the assertion, and did not intimate that they had not fully acquainted themselves with both the law and the facts of the case.

What was said in *United States v. Nierstheimer,* 166 F. (2) 87, is pertinent here. "In a capital case the court should not move so rapidly as to ignore or violate the rights of the defendant to a fair trial. No standard length of time must elapse before a defendant in a capital case should go to trial. Each case, and the facts and circumstances surrounding it, provides its own yardstick. There must not be a mere sham proceeding

or idle ceremony of going through the motions of a trial. However, courts do not deny due process just because they act expeditiously. The law's delay is the lament of society. Counsel must not conjure up defenses when there are none. Continuances to investigate and the subpoenaing of witnesses are matters that counsel must consider. If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process."

It is true counsel hinted that the court ought to order the examination of the accused by a competent physician with a view to determining his mental state. The court might well have heeded this suggestion, but nothing in the record discloses that its failure to do so prejudicially affected the right of the prisoner to a fair trial. When this matter was presented for consideration, counsel did not advise the court that accused was without sufficient mental capacity to undertake his defense or that they contemplated seeking his acquittal upon the ground of insanity. Furthermore, no showing or suggestion was made that medical evidence on this point was not already available, or that an effort to procure such testimony by other means had been made and had resulted in failure. It is worthy of note that the presiding judge declined to set aside the verdict at the end of the trial after he had had full opportunity to see and hear the prisoner on the stand and evaluate his mental condition.

In homely metaphor, counsel asked to go fishing without submitting any substantial reason for believing there were any fish in the pond. A continuance ought to be granted if there is an apparent probability that it will further the ends of justice. Consequently, a postponement is proper where there is a belief that material evidence will come to light and such belief is reasonably grounded on known facts. But a mere intangible hope that something helpful to a litigant may possibly turn up affords no sufficient basis for delaying a trial to a later term. *S. v. Madison,* 49 W. Va. 96, 28 S. E. 492.

A painstaking consideration of the record engenders a somewhat firm conviction that counsel for the prisoner suffered from the lack of any substantial defense rather than from any scarcity of time. Be their zeal for their client's cause ever so great, advocates cannot make brick without straw. It all comes to this: the record fails to show that the requested continuance would have enabled the prisoner and his counsel to obtain additional evidence or otherwise present a stronger defense.

The conclusion that no prejudicial error appears on the record compels an affirmance of the judgment. Nevertheless, a word of caution may not be altogether beside the mark. Justice must not fall into Scylla in seeking to avoid Charybdis. The prompt trial of criminal actions is to be encouraged. But in keeping clear of the law's delays, courts should not

try cases with such speed as to raise a suspicion that "wretches hang that jurymen may dine."

A human life is at stake. Counsel for the prisoner stated on the argument here that they had some tangible hope of unearthing material evidence tending to show the insanity of their client. If their endeavor in this respect proves fruitful, they may present such testimony to the court below at the first criminal term after 1 January, 1949, on a motion for a new trial for newly discovered evidence. *S. v. Dunheen,* 224 N. C. 738, 32 S. E. (2) 322; *S. v. Edwards,* 205 N. C. 661, 172 S. E. 399; *S. v. Casey,* 201 N. C. 620, 161 S. E. 81. In the meantime, they are at liberty to apply to the Governor for any necessary stay of execution.

In the trial below, we find in law

No error.