81 S.E.2d 778 (1954)
240 N.C. 230
STATE
v.
HACKNEY.
No. 221.
Supreme Court of North Carolina.
May 5, 1954.
*780 Harry McMullan, Atty. Gen., and Ralph Moody, Asst. Atty. Gen., for the State.
Ike F. Andrews, W. Reid Thompson and Wade Barber, Pittsboro, for defendant, petitioner Appellant.
PARKER, Justice.
While Judge Williams did not specifically find that the petitioner, James W. Hackney, requested the judge at the January Term 1950 of the Superior Court of Chatham County to appoint counsel to represent him at the trial, and the judge failed to do so, the evidence is uncontradicted to that effect, and we assume such to be the *781 fact. Petitioner's contention that this deprived him of a substantial constitutional right given to him by Art. I, §§ 11 and 17 of the North Carolina Constitution and the 14th Amendment to the U. S. Constitution rests solely upon his bald assertion that he requested the judge to appoint counsel to represent him at the trial, and the court did not do so. The charge was not a capital offense. The petitioner has neither allegation nor evidence that he was illiterate, ignorant, incompetent, of limited education, or inexperienced in criminal trials. His own testimony shows that he entered a plea of guilty to an indictment charging him with robbery with firearms at the October Term 1944 of the Superior Court of Union County, and was sentenced to prison. Certainly in 1950 he, the father of two children, was neither a tender youth, nor a stranger at the bar in a criminal court charged wth a serious felony. The petitioner has failed to show any special circumstances requiring the court to appoint a lawyer to represent him to secure him an adequate and fair defense, and that the failure to appoint counsel for him violated his constitutional rights under the State or Federal Constitutions. State v. Cruse, 238 N.C. 53, 76 S.E.2d 320; State v. Wagstaff, 235 N.C. 69, 68 S.E.2d 858; State v. Hedgebeth, 228 N.C. 259, 45 S.E.2d 563; Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154 (See Annotation p. 161); Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127 (See Annotation p. 137); Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; People v. Pring, 414 Ill. 63, 110 N.E.2d 214; Annotation 149 A.L.R. 1403; 23 C.J.S., Criminal Law, § 982.
The petitioner has a constitutional right of confrontation, of which he cannot lawfully be deprived, and this includes the right of a fair opportunity "to confront the accusers and witnesses with other testimony." N.C.Const., Art. I, § 11; State v. Garner, 203 N.C. 361, 166 S.E. 180.
The word confront secures to the accused the right to have his witnesses in court, and to examine them in his behalf. State v. Thomas, 64 N.C. 74. It further secures to the accused a fair opportunity to prepare and present his defense, which right must be afforded him not only in form but in substance. State v. Whitfield, 206 N.C. 696, 175 S.E. 93; State v. Utley, 223 N.C. 39, 25 S.E.2d 195.
When a request for a continuance in a criminal case for a later day in the term, or for the term, is based on a right guaranteed by the 14th Amendment to the U. S. Constitution or by Art. I, §§ 11 and 17 of the North Carolina Constitution, "the question presented is one of law and not of discretion, and the decision of the court below is reviewable." State v. Farrell, 223 N.C. 321, 26 S.E.2d 322, 325.
It is established law in this jurisdiction that "a motion for a continuance is addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review on appeal, except in case of manifest abuse." State v. Whitfield, supra (where many cases are cited); State v. Gibson, 229 N.C. 497, 50 S.E.2d 520.
"There is no rule of law or practice that when a bill of indictment is found at one term the trial cannot be had till the next." State v. Sultan, 142 N.C. 569, 54 S.E. 841, 842. As to capital cases this rule was changed in 1949. G.S.N.C. § 15-4.1.
In State v. Riley, 188 N.C. 72, 123 S.E. 303, 304, the defendants excepted to being placed on trial the same term the bill of indictment was found, and so soon after the alleged theft they were denied the right to obtain necessary evidence. This Court held this was "a matter within the discretion of the trial judge and not the basis of a valid exception, unless there has been manifest abuse, and on the facts presented we are of opinion that no such abuse has been made to appear."
In State v. Gibson, supra, the defendant was found guilty of the capital crime of rape. The trial was set for the afternoon of the day following the appointment of counsel for him by the court. Counsel for the defendant moved for a continuance to have time to prepare the defense. Counsel *782 gave no specific reason for his assertion that he had inadequate time to prepare the defense. The witnesses were few and resided in the neighborhood; no complicated questions of law or fact were involved. In finding No Error in the trial below this Court said [229 N.C. 497, 50 S.E.2d 524]: "The record fails to show that the requested continuance would have enabled the prisoner and his counsel to obtain additional evidence or otherwise present a stronger defense." See also Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.
United States ex rel. Thompson v. Nierstheimer, 7 Cir., 166 F.2d 87, 88, petition for certiorari denied 334 U.S. 850, 68 S.Ct. 1503, 92 L.Ed. 1773, was a habeas corpus proceeding by the United States, on the relation of Coy Thompson against Walter Nierstheimer, Warden, Illinois State Penitentiary. Petitioner contended on 6 July 1931 in the Criminal Court of Cook County, Illinois, he was indicted, arraigned, tried, and convicted in a capital case all in one day, and that counsel appointed by the court defended him. He was sentenced to serve one hundred years in prison. The record supported by the testimony of the judge and others, though denied by the defendant, showed petitioner consented to trial by court, and that he had been consulted on two different days with counsel who represented him. Petitioner contended such expeditiousness denied him due process in that his counsel made no independent investigation, subpoenaed no witnesses, and asked for no continuance, as requested by him. Petitioner's counsel testified petitioner never gave him the names of any witnesses to be subpoenaed. The court held that no standard length of time must elapse before defendant in a capital case should go to trial, and the facts of each case provide its own yardstick, but there must not be an idle ceremony of going through the motions of a trial, and a court should not move so rapidly as to ignore or violate the rights of the defendant to a fair trial. Minton, C. J. (now a Justice of the U. S. Supreme Court), speaking for the Court said: "Courts do not deny due process just because they act expeditiously. The law's delay is the lament of society. * * * If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process." The judgment of the District Court denying the petition was affirmed.
A request for a continuance should be based on sufficient grounds furthering justice. Such a request is properly denied where no substantial rights are prejudiced by proceeding promptly with the trial. 22 C.J.S., Criminal Law, § 483.
The petitioner, James W. Hackney, contends his constitutional rights were violated in that he told the court he would like to have some time to get some witnesses and prepare for trial, and that the court refused a continuance. The trial court asked him what witnesses he wanted. He gave the court no names of witnesses he wanted. He said in this proceeding in August 1953 he gave the judge no names; he didn't have time to think because he had just heard he was charged with robbery. However, in the hearing of this proceeding in August 1953, three and one-half years after January 1950, with abundance of time to ponder and reflect on his case, he still gives no names of any witnesses he wants.
Petitioner has not even suggested that in the lonely hours of prison nights he can sometime recall the names of some "phantom witnesses" somewhere he wants an opportunity to investigate and subpoena in his behalf.
Petitioner relies upon Commonwealth v. O'Keefe, 298 Pa, 169, 148 A. 73. A careful reading of that case would indicate the defendant was denied an opportunity to have in court at his trial real witnesses.
In the trial in January 1950 no complicated question of law was involved. The facts were simple. The petitioner has totally failed to show that if a new trial is *783 awarded him, he can obtain additional evidence, or can have a better defense. The petitioner has neither allegata nor probata that he was in any way denied full opportunity to employ counsel at the January Term 1950 of Chatham County Superior Court. We cannot hold as a matter of law that the court in January 1950 in placing the defendant on trial denied him his constitutional rights of confrontation, of due process, or that the court manifestly abused its discretion in refusing a continuance. State v. Whitfield, supra; State v. Gibson, supra.
Unless there is a statute requiring it, it is the general, if not the universal, rule in the United States that a preliminary hearing is not an essential prerequisite to the finding of an indictment. Such hearing is unknown to the common law. 27 Am. Jur., Indictments and Informations, p. 596; 22 C.J.S., Criminal Law, § 331, page 484; United States ex rel. Hughes v. Gault, 271 U.S. 142, 70 L.Ed. 875. We have no statute requiring a preliminary hearing, nor does the State Constitution require it. It was proper to try the petitioner upon a bill of indictment without a preliminary hearing. The petitioner alleges in his petition that the January Term 1950 of Chatham Superior Court was "a court of proper jurisdiction."
Stacy, C. J., speaking for the Court said in State v. Beal, 199 N.C. 278, at page 303, 154 S.E. 604, at page 618: "The foundation for the application of a new trial is the allegation of injustice arising from error, but for which a different result would likely have ensued, and the motion is for relief upon this ground. Unless, therefore, some wrong has been suffered, there is nothing to relieve against. The injury must be positive and tangible, and not merely theoretical." See also State v. Gibson, supra.
People v. Hall, 413 Ill. 615, 110 N.E.2d 249, 252, was a Post-Conviction Hearing. The Court said: "The petitioner has the burden of showing that he was deprived of a substantial constitutional right in the trial resulting in his convicton."
After a careful examination of all the facts brought out in the hearing on James W. Hackney's petition under the statute, we reach the conclusion no constitutional rights of James W. Hackney under the State Constitution or U. S. Constitution were violated at the trial in January 1950.
The judgment of Judge Williams denying relief is
Affirmed.
JOHNSON and BABBITT, JJ., dissent.