### STATE v. NOLAN M. IPOCK.

(Filed 13 April, 1955.)

**1. Criminal Law § 44—**

A motion for a continuance is addressed to the discretion of the trial judge, and refusal of the motion upon certificate of a physician, stating that the physician had advised home care for defendant, but which does not state the defendant was unable to stand trial or that a trial would endanger his health, does not show abuse of discretion.

**2. Automobiles § 30d—**

Testimony of officers that defendant was intoxicated at the time he drove a truck upon a public highway, and that a partially filled bottle of whiskey was found in the seat of the truck, is sufficient to support a conviction of driving while under the influence of intoxicating liquor, and defendant's motion for nonsuit, to set aside the verdict, and to arrest the judgment, were properly denied.

**3. Criminal Law § 41i—**

Defendant sought to introduce evidence as to his physical condition the day before and on the day of trial for the purpose of accounting for his failure to testify in his own defense. *Held:* Defendant's physical condition at the time of trial was irrelevant to the issue of whether the defendant was intoxicated at the time of driving the truck some six months prior thereto, and the evidence was properly excluded and the court properly interrupted counsel in arguing the matter to the jury.

**4. Criminal Law § 53b—**

The court's charge on reasonable doubt *held* without error.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Martin, S. J.,* September 1954 Term, CRAVEN.

Criminal prosecution upon an indictment charging the operation of a vehicle upon the public highway while under the influence of liquor or narcotic drugs.

When the case was called for trial on 17 September 1954, defendant's counsel moved for continuance on the ground the defendant was not physically able to attend court. In support of the motion he presented the following certificate: "9/16/54. Mr. Nolan M. Ipock was seen and treated in my office today. Diagnosis—arthritis, back and shoulders. Diarrhea and vomiting—3 hours. Advised home care. Respectfully, Charles Duffy, M.D."

The court overruled the motion on the ground the doctor's certificate did not present sufficient cause for a continuance. The defendant was called and upon his failure to answer, capias was issued, he was brought into court, and placed upon trial upon his plea of not guilty.

The State offered the evidence of Highway Patrolman Herring and Constable Miller who testified they observed the defendant driving a truck upon the public highway in Craven County on 2 February 1953, and in the language of the patrolman, the truck was being driven "from one side of the road to the other. He was very much under the influence. He was drunk enough to stagger back and forth on the road. He more or less mumbled everything he said so I couldn't understand." The constable testified, "He was right much intoxicated with liquor or some drug. He was staggering." Both officers testified a part of a pint of whisky was found in the seat of the truck.

The defendant called Calvin Hawks as a witness, who would have testified if permitted, (1) that the defendant was in court on Wednesday before the trial began on Friday; (2) that the witness was present when Dr. Duffy examined the defendant and would have testified as to statements made by Dr. Duffy with respect to the defendant's physical condition and the treatment prescribed. Upon objection, the evidence was excluded. The defendant excepted.

The defendant made timely motions for judgment of nonsuit, which were overruled, and the defendant excepted.

The jury returned a verdict of guilty and from judgment pronounced, the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

HIGGINS, J. The defendant's assignment of error No. 1A is to the refusal of the court to continue the case on the ground of defendant's illness. The only evidence presented on the motion to continue was the certificate of Dr. Duffy who advised "home care," but does not say the defendant is unable to stand trial or that a trial would endanger his health. Granting or denying a motion for continuance rests in the

STATE *v.* IPOCK.

sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial. *S. v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5; *S. v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778; *S. v. Culberson,* 228 N.C. 615, 46 S.E. 2d 647; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. No abuse of discretion is shown.

Assignments of error Nos. 15, 24 and 25 relate to the refusal of the court to grant the motions for nonsuit, to set aside the verdict, and to arrest the judgment. The evidence made out a case for the jury and no defect appears upon the face of the record. The assignments are without merit.

During the course of the trial the defendant sought to introduce evidence as to his physical condition the day before and on the day of the trial. Upon objection, the evidence was excluded. The defendant sought to argue to the jury that the defendant's illness accounted for his inability to go upon the stand and testify in his own defense. The court interrupted counsel and cautioned the jury not to consider the argument. The testimony as to defendant's physical condition at the trial in September, 1954, could have no bearing on the issue before the jury as to whether the defendant operated a truck upon the public highway on 2 February 1953, while he was under the influence of liquor. The evidence was properly excluded and the instruction to the jury not to consider the argument was warranted. *S. v. Kiziah,* 217 N.C. 399, 8 S.E. 2d 474; *S. v. Page,* 215 N.C. 333, 1 S.E. 2d 887.

The court's charge as to what constitutes reasonable doubt is in accord with the decision of this Court in *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, and cases there cited. Assignments of error Nos. 18, 19 and 23 relating thereto are without merit.

The record leaves the impression the defendant's principal effort in the trial was directed not to the question of his guilt or innocence of the charge, but to his physical condition at the time of the trial. Two officers testified the defendant was intoxicated at the time he drove the truck upon the public highway and that a partially filled bottle of whisky was in the seat of the truck. There was no evidence to the contrary. That the jury believed the officers does not present a question for review on appeal.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.