STATE v. EARL GILBERT KIRKMAN, WILLIAM LEON CAMPBELL, GEORGE CLIFTON MOORE AND JAMES C. PENNINGTON.

(Filed 10 June, 1960.)

**1. Criminal Law § 86—**

A motion for a continuance is addressed to the sound discretion of the trial court and the denial of the motion will not be disturbed in the absence of a showing of abuse of discretion or that defendant has been deprived of a fair trial.

**2. Criminal Law § 92—**

After the State has rested its case, but before defendant has moved for nonsuit, the trial judge has the discretionary power to allow the State to reopen its case and introduce further testimony.

**3. Conspiracy § 5—**

When a person enters into an unlawful conspiracy, the acts and declarations of his co-conspirators in furtherance of the common design are competent against him.

APPEAL by defendant James C. Pennington from *McKinnon, J.,* November 1959 Criminal Term, of ROBESON.

Criminal prosecution upon an indictment charging Earl Gilbert

Kirkman, William Leon Campbell, George Clifton Moore and James C. Pennington with a conspiracy to break and enter the store-building of the Ward Company, wherein goods, chattels and money were stored, with a felonious intent to take, steal and carry away such goods, chattels and money.

Defendants Kirkman, Campbell and Moore pleaded guilty, and defendant Pennington pleaded Not Guilty. The jury said for its verdict, defendant Pennington is guilty as charged.

From a judgment of imprisonment defendant Pennington appeals.

*T. W. Bruton, Attorney General and H. Horton Rountree, Assistant Attorney General for the State.*

*George A. Younce for defendant, appellant.*

PER CURIAM. Defendant Pennington assigns as error the denial of his motion for a continuance of his trial for the term. The granting or denial of this motion rested in the sound discretion of the trial judge, and his ruling will not be disturbed on appeal, except for abuse of discretion or a showing defendant has been deprived of a fair trial. *S. v. Ipock,* 242 N.C. 119, 86 S.E. 2d 798; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. This assignment of error is overruled, for the reason that defendant has not shown an abuse of discretion on the part of the trial judge, or that he has been deprived of a fair trial.

Defendants Campbell and Kirkman testified as witnesses for the State. After the State had rested its case, and before defendant Pennington made a motion for judgment of nonsuit, the solicitor for the State moved to reopen the State's case on the ground that a State's witness desired to make an additional statement. The court in its discretion allowed the motion. Whereupon, the solicitor recalled the defendant Campbell who gave further testimony. Defendant Pennington assigns this as error. The motion was addressed to the sound discretion of the trial judge, and there is nothing in the record to suggest any abuse of discretion in this respect. *S. v. Satterfield,* 207 N.C. 118, 176 S.E. 466; *S. v. Hobbs,* 216 N.C. 14, 3 S.E. 2d 431. This assignment of error is overruled.

There is no merit in defendant's assignment of error to the court's denial of his motion for judgment of nonsuit made at the close of the State's case: defendant Pennington offered no evidence. The State's evidence was sufficient to carry the case to the jury.

We have carefully considered defendant's numerous assignments of error in respect to the evidence and the charge of the court, and

defendant has not shown that any one of them is sufficiently prejudicial to warrant a new trial. All are overruled.

When defendant Pennington engaged in the criminal conspiracy with defendants Kirkman, Campbell and Moore, he forfeited his independence and jeopardized his liberty, for, by agreeing with them to engage in an unlawful enterprise, he placed his safety and freedom in the hands of each and every member of the conspiracy, and must abide the consequences of his acts. *S. v. Ritter,* 197 N.C. 113, 147 S.E. 733; *S. v. Smith,* 237 N.C. 1, 74 S.E. 2d 291.

In the trial below, we find

No error.