## PEARSON v. YEWDALL.

1. Where a writ of error is defective in the statement of the parties thereto, the right to amend is not absolute, under sect. 1005, Rev. Stat.; but the court, in its discretion, may allow the requisite amendment to be made upon such terms as it may deem just.
2. As both parties severally claim compensation for land taken by the city of Philadelphia for public use, the city, the only adverse party to them in the proceedings below, is an indispensable party to the writ.
3. The court declines to allow an amendment making the city such party, inasmuch as the questions made by the assignment of error have been settled by repeated decisions, and are no longer open to discussion here.
4. The seventh amendment to the Constitution, touching the right of trial by jury, applies only to the courts of the United States.
5. The act of the General Assembly of the State of Pennsylvania, entitled "An Act relating to roads, highways, and bridges," approved July 13, 1836, makes ample provision for judicial inquiry in the matters therein mentioned, and is due process of law, within the meaning of the Federal Constitution.

MOTION by the defendant to dismiss the writ of error to the Supreme Court of Pennsylvania, and by the plaintiff to amend the writ, by making the city of Philadelphia a party thereto.

The facts are stated in the opinion of the court.

The motions were argued by *Mr. F. Carroll Brewster* for the plaintiff in error, and by *Mr. William W. Wiltbank* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It having been suggested to us at the last term that the city of Philadelphia was a party to this cause in the court below, and adverse in interest to the plaintiffs in error, leave was granted the defendants in error to move to dismiss this suit, because the city is not named in the writ; and for the city to appear by counsel, to be heard in support of the motion. That

motion has now been made; and the plaintiffs in error, while resisting it, ask leave, under sect. 1005 Rev. Stat., to amend their writ by naming the city as a defendant, in case it shall appear to be necessary.

The city councils, by ordinance, ordered that Paschall Street should be opened to public use. Thereupon the present defendants in error, owning property which would be taken by the opening, petitioned the Court of Quarter Sessions, conformably to the act of the General Assembly of Pennsylvania regulating such proceedings, to appoint proper persons to view the premises and assess their damages. In accordance with this petition, the court appointed a jury of six men to view the premises, and assess the damages which had been sustained. Notice of their appointment and of the time and place they would meet to perform their duties was served upon all the owners of property through which the street would run. Availing themselves of this notice, the plaintiffs in error appeared among others and presented their claims.

Notice of the meeting was also served, in accordance with the further provisions of the statute, upon the law department of the city; and the solicitor, who was charged by law with the duty of representing and protecting the interests of the city in all such matters, appeared before the jury in his official capacity. The viewers, after a hearing, made a report to the court of their allowances to the several claimants. The plaintiffs in error excepted to the report, for the reason, among others, that the amount awarded to them was too small; and the city also excepted, because it was too large. The Court of Quarter Sessions overruled the exceptions of both parties, and confirmed the report. The plaintiffs in error then appealed to the Supreme Court; and the report being there again confirmed, they now seek to bring the case here for review upon this writ.

There can be no doubt but that the city is an indispensable party to this suit. The viewers were appointed at the instance of the defendants in error; but they were appointed in a proceeding by the city, in its nature adverse to all the property owners affected, for an appropriation of private property to public use. It nowhere appears that the interests of the plaintiffs in error are adverse to those of the defendants in,

error. They were both property owners, and both seeking compensation for their property before it should be opened to the use of the public. The city alone represented the public, and was, therefore, the only party to the proceeding adverse to the claimants. Under such circumstances, we cannot properly review the judgment below in its absence.

The question now arises, whether the plaintiffs in error shall have leave to amend. Sect. 1005 of the Revised Statutes authorizes this court in its discretion, and upon such terms as it may deem just, to allow an amendment of a writ of error when the statement of the parties thereto is defective. The right of a party to amend is not absolute, but it is to be granted by the court in its discretion. Whether it should be granted in a particular case must depend upon the attending circumstances.

In this case, we think the amendment ought not to be allowed. We have looked carefully through the record, and cannot find that any question is presented which has not been many times decided. We have held over and over again that art. 7 of the amendments to the Constitution of the United States relating to trials by jury applies only to the courts of the United States, *Edwards* v. *Elliott*, 21 Wall. 557; and in the act of the General Assembly of Pennsylvania, now under consideration, ample provision is made for an inquiry as to damages before a competent court, and for a review of the proceedings of the court of original jurisdiction, upon appeal to the highest court of the State. This is due process of law, within the meaning of that term as used in the Federal Constitution. To grant the amendment would, in our opinion, lead only to unnecessary delay and expense.

*Writ dismissed.*