## SOUTHERN RAILWAY COMPANY ET AL. *v.* CITY OF DURHAM, NORTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 71. Argued October 14, 1924.—Decided November 17, 1924.

1. The right of jury trial in a state court is determined by the local law, concerning which this Court accepts the decision of the highest state court. P. 179.
2. When a party in a state court, with full opportunity, offers no evidence to sustain defenses alleged under the Constitution, a judgment overruling the defenses does not deprive him of federal rights. . *Id.*

185 N. C. 240, affirmed.

ERROR to a judgment of the Supreme Court of North Carolina sustaining a mandamus to enforce an ordinance of the City which required three railway companies to eliminate a grade crossing.

*Mr. W. M. Hendren* and *Mr. F. M. Rivinus,* with whom *Mr. W. B. Guthrie, Mr. Theodore W. Reath, Mr. James F. Wright* and *Mr. L. E. Jeffries* were on the briefs, for plaintiffs in error.

*Mr. James S. Manning,* with whom *Mr. John H. Manning* and *Mr. S. C. Chambers* were on the brief, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

By ordinance the City Council of Durham declared a certain grade crossing dangerous and ordered plaintiffs

in error to eliminate it by constructing an underpass with proper approaches, etc. They failed to comply; the city instituted a mandamus proceeding to compel obedience.

The petition, after setting out the facts and circumstances, asked an appropriate decree. Answering, plaintiffs in error attacked the ordinance as arbitrary, unreasonable and subversive of rights guaranteed by the Fourteenth Amendment; also because it conflicted with the federal Act to Regulate Commerce by imposing undue expense upon them. The facts relied upon to support these claims were specified.

Having heard the cause upon complaint, answers and argument of counsel the trial court, " being of the opinion that no issue of fact for trial by jury is raised upon the pleadings," made findings of fact, declared the ordinance valid and directed compliance therewith. The railroads offered no evidence, but asked continuation of the cause until the next term and that no further proceedings should be taken until the issues of fact raised by the answers could be decided by a jury. This was denied and they appealed. The Supreme Court held refusal to continue the hearing and transfer the cause to the civil docket for trial by jury was not erroneous, and said that " the judge was ready to hear and determine the action but the railroads failed to offer testimony or evidence of any kind whatever."

We are unable to find that plaintiffs in error have been deprived of any federal right. They had full opportunity to present evidence to support their contentions in the trial court, but offered none. Neither federal laws nor Constitution gave them the right to demand trial by jury when the local statutes and practice prescribed otherwise. The ordinary rule applies, and we accept the ruling of the Supreme Court as to the local law. *First National Bank* v. *Weld County,* 264 U. S. 450, 454.

*Affirmed.*