## WALKER v PARKWAY CABS, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 4785. Decided May 6, 1935

John W. Cowell, Cincinnati, for plaintiff in error.

S. Geismar, Cincinnati, and Harry H. Shaffer, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

Unless the proof of the plaintiff's inability to pay or secure the costs distinguishes this case, so that the statute, if applied to this situation, would be unconstitutional, this case is ruled by Miller v Eagle, 96 Oh St, 106. That case involved the constitutionality of §1579-61, GC, applicable to the Municipal Court of Dayton. The case at bar involves §1558-16, GC, applicable to the Municipal Court of Cincinnati. The language of the two sections is identical.

In Miller v Eagle, supra, the court pointed out that under the law challenged in Reckner, etc. v Warner, 22 Oh St, 275, a trial by jury could be obtained only by the giving of an appeal bond, and that the constitutionality of the law was assailed on that ground. Likewise, in cases instituted before justices of the peace a constitutional jury cannot be secured except on appeal to the Common Pleas Court, a condition of which is the giving of a bond on appeal to pay all costs, etc. The constitutionality of this law was questioned in Norton v McLeary, 8 Oh St, 205. Both laws were held not to violate the constitutional provision for trial by jury. Mainly on the authority of these two cases the court in Miller v Eagle, supra, held that the Dayton Municipal Court Act (§1579-61, GC), did not violate §5 of Article I of the Constitution of Ohio, saying:

"By parity of reasoning the condition imposed in the instant case by §1579-61 GC, requiring the cost of summoning jurors and the fees of jurors to be secured in advance by the party demanding the jury, is likewise but a moderate and reasonable restriction upon the enjoyment of the right of a trial by jury and is not an impairment of that right."

In Capital Traction Co. v Hof, 174 U. S. 1, the Supreme Court of the United States held that the act of Congress conferring jurisdiction upon justices of the peace in the District of Columbia to hear minor actions without a jury, but providing for a trial de novo to a jury in the district court was in consonance with the 7th Amendment to the United States Constitution. While the 7th Amendment to the United States Constitution is not a limitation upon the power of the states, the decision of the United States Supreme Court construing it is very persuasive of the construction which should be placed upon similar language in the State Constitution.

We find no dissent from the rule that a

540

state may require prepayment of or security for the costs as a condition precedent to obtaining a jury. In an annotation to Lebowe v Balthazor, 32 A.L.R., 862 (180 Wis. 419), it is stated as the general rule at page 865, that:

"Statutes providing that a person who demands a jury trial must pay a jury fee before the trial begins are generally held to be constitutional."

Cases from seventeen states are cited in support of the general rule. A few cases are cited in which particular statutes are held to be unconstitutional, because of some special provision, but the annotator remarks that: "No line of reason seems to have been advanced by the courts of these jurisdictions which would indicate a departure from the general rule."

We assume that if an unreasonable restriction should be attempted upon the right of a jury trial, it would fail because of the constitutional guaranty. To require the prepayment of a security for the reasonable compensation for summoning the jury and for the jurors' services has been held uniformly to be within the power of the legislature to make provision so that the tribunal (the jury) guaranteed by the Constitution may be created and rendered available. There is no obligation inherent in citizenship, so far as we know, that requires gratuitous service on the part of the constable in serving the venire or those whom he summons. They are entitled to reasonable compensation. To require the one who requests their services to pay has analogy in the generality of private transactions. The issue in such a situation is as to what is reasonable compensation. The ability, or inability, to pay of the person demanding the services has never been regarded as a factor in determining the reasonableness of the charge.

If a legislature should attempt to burden the right of a jury trial with the condition of pre-payment of costs so excessive that the judicial branch could say that it was in effect a denial of the right to trial by jury, that would be a violation of the constitution. But courts presume statutes are constitutional and only denounce them as unconstitutional when they are clearly so.

The fees provided in this legislation cannot be said to be excessive compensation for the services contemplated. They are the same schedule that was sustained in Miller v Eagle, supra.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.