BETTER HOME FURNITURE COMPANY OF WINSTON-SALEM, INC., v. ROBERT BARON.

(Filed 3 February, 1956.)

**1. Statutes § 2—**

A statute providing for the maintenance of a small claims docket in the Superior Court of one county and for the trial of such small claims without a jury unless the parties to the action aptly demand a jury trial and advance the costs as prescribed by the act, does not relate to the establishment of a court inferior to the Superior Court within the purview of Article II, Section 29, Constitution of North Carolina, but is solely procedural in character. Article IV, Section 12.

**2. Constitutional Law § 8a—**

The question of the propriety, wisdom and expediency of legislation is exclusively a legislative matter.

**3. Constitutional Law § 18—**

If an act is otherwise unobjectionable, all that can be required of it is that it be general in its application to the class or locality to which it applies and that it be public in its character.

**4. Constitutional Law § 8a: Statutes § 12—**

A statutory provision that no local act shall have the effect of repealing or altering any public law unless the caption of the local act refers to the public law (G.S. 12-1), *is held* ineffectual, since one General Assembly cannot restrict or limit the constitutional power of a succeeding Legislature.

**5. Statutes § 13—**

A statute providing for a small claims docket in the Superior Court of one county and providing for the trial of such cases without a jury unless a jury trial is aptly demanded and the costs advanced as prescribed by the act, does not purport to repeal any general law but merely provides an optional method of trial in the Superior Court of the county in cases coming within the statutory definition of small claims.

**6. Constitutional Law § 22—**

The 7th Amendment to the Federal Constitution is not applicable to the states.

**7. Same: Constitutional Law § 6½ —**

Chapter 1057, Session Laws of 1951, providing for the trial of small claims without a jury in actions instituted pursuant thereto unless a demand is made for a jury trial in the manner set out and the costs advanced as required therein, is not unreasonable, and failure to demand a jury trial and advance the costs as stipulated in the statute is a waiver of the right to trial by jury. Article I, Section 19, Article IV, Section 13, of the Constitution of North Carolina.   G.S. 1-172.

**8. Attorney and Client § 6—**

Where competent counsel representing a party fails to demand trial by jury as required by applicable statute, the right to trial by jury will be deemed waived, since ordinarily the attorney has control and management of the suit in matters of procedure.

**9. Appeal and Error § 40b—**

A motion for a continuance is addressed to the discretion of the trial court, and its refusal of the motion is not reviewable in the absence of a showing of abuse of discretion or that defendant has been deprived of a fair trial.

APPEAL by defendant from *Sharp, Special Judge,* May Term, 1955, of FORSYTH.

The plaintiff instituted this action in the Superior Court of Forsyth County on 29 April, 1954, alleging that the defendant purchased from the plaintiff the articles of personal property set out in the complaint, and executed a conditional sales contract to secure the balance of the purchase price. The complaint alleged default in payment as prescribed by the alleged contract and prayed for a money judgment of $1,000.00 and that the property be sold and the proceeds applied to the debt. An undertaking was given in the sum of $2,000.00, an affidavit in claim

and delivery was made by the plaintiff, and an order in claim and delivery was issued for the property. The summons was issued by the Clerk of the Superior Court of Forsyth County pursuant to Chapter 1057 of the Session Laws of 1951.

The foregoing writs were duly served on the defendant on 29 April, 1954. The defendant gave an undertaking in the sum of $2,000.00 and retained the property. Subsequently, the defendant employed the firm of Hayes and Hatfield, which firm prepared and filed on 13 July, 1954, the original answer which appears in the record, denying that the merchandise measured up to the representations made by the plaintiff and set up a counterclaim for breach of warranty in the sum of $200.00.

The case was called for trial on 16 May, 1955, at the term of the Superior Court beginning on that date, the case having been continued by consent at a previous term. On 16 May, 1955, an order was signed by the presiding judge, permitting the defendant's original counsel to withdraw as counsel of record for the defendant since the defendant had employed other counsel, to wit: W. Scott Buck. This order had been consented to by the defendant on 9 May, 1955.

Upon the call of the case for trial on 16 May, 1955, the present counsel for defendant moved for a continuance and for a jury trial, which motion was disallowed. The court, however, announced that the case would not be tried before Thursday, 19 May, 1955, in order to give counsel time to confer with his client and interview necessary witnesses.

When the case was called for trial on 19 May, 1955, the defendant moved that the action be dismissed for the reason that Chapter 1057 of the Session Laws of 1951 was an invalid enactment, which motion was overruled. The defendant then moved that the plaintiff be required to give an undertaking as prescribed by G.S. 1-109, which motion was also overruled. Thereupon, the defendant moved for a jury trial. The motion was denied. The defendant then filed a written motion for a continuance to a subsequent term and for a jury trial, and the court likewise overruled this motion.

The court proceeded to hear the case without a jury; made findings of fact adverse to the defendant, and entered judgment in favor of the plaintiff. The defendant appeals, assigning error.

*Clyde C. Randolph, Jr., for appellee.*
*W. Scott Buck for appellant.*

DENNY, J. The first assignment of error is directed to the refusal of the court below to sustain the defendant's motion to dismiss the action on the ground that Chapter 1057 of the Session Laws of 1951 is invalid.

The pertinent sections of the above Act are as follows:

"Section 1. The procedure for adjudicating small claims in the Superior Court for Forsyth County shall be as herein set forth. A small claim is defined as an action in which the relief prayed for is a money judgment only and costs of court, in which the sum demanded (exclusive of interest and costs of court) by the plaintiff, defendant or other party does not exceed one thousand dollars ($1,000.00), and in which no jury trial is demanded; it may include the ancillary remedies of claim and delivery and attachment.

"Sec. 2. The Clerk of the Superior Court for Forsyth County shall maintain a small claims docket. The clerk shall docket in the small claims docket any action in which the plaintiff in his complaint (or application for extension of time in which to file complaint) demands only a money judgment for a principal amount not in excess of one thousand dollars ($1,000.00), and does not demand a jury trial. No prosecution bond shall be demanded of plaintiff when instituting such action, and he shall be required to advance costs of the clerk's office only as prescribed in the next Section.

"Sec. 3. In all small claims actions, the clerk shall require the advance payment of costs by plaintiff, as in other actions, but at one-half the usual amount.

"Sec. 4. If any party to such action files an answer or other pleading in which affirmative relief is demanded for other than a money judgment not in excess of one thousand dollars ($1,000.00), the action shall be transferred to the regular civil issue docket; provided such party at the time of filing his pleading advances to the clerk the remaining one-half of court costs not advanced by plaintiff, and also files a prosecution bond for costs payable to the adverse party or parties in the sum of twenty-five dollars ($25.00). The bond, except as herein specified, shall be controlled by the provisions of General Statutes, Sec. 1-109. If such party fails to pay such additional advance costs or to file such prosecution bond, the portion of his pleading setting out his claim for affirmative relief shall be stricken on motion or *ex mero motu.*

"Sec. 5. No jury shall be had in such small claims action, unless a party thereto shall demand a jury trial in the first pleading filed by him, and shall also comply with the provisions of Section 4 hereof as to advance costs and prosecution bond."

The Act contains no repealing clause and became effective upon ratification.

An examination of the foregoing Act reveals that its purpose is procedural in character and does not purport to relate to the establishment of a court inferior to the Superior Court within the purview of Article II, Section 29, of the Constitution of North Carolina. This being so,

we know of no constitutional provision prohibiting the General Assembly from enacting such legislation. Hence, *Idol v. Street*, 233 N.C. 730, 65 S.E. 2d 313, and similar cases are not controlling. In fact, Article IV, Section 12, of our State Constitution provides that the General Assembly may "regulate by law, when necessary, the methods of proceeding in the exercise of their powers, of all courts below the Supreme Court, so far as the same may be done without conflict with other provisions of this Constitution." *Horton v. Green*, 104 N.C. 400, 10 S.E. 470; *Power Co. v. Power Co.*, 175 N.C. 668, 96 S.E. 99; *Kornegay v. Goldsboro*, 180 N.C. 441, 105 S.E. 187.

In *Power Co. v. Power Co., supra*, this Court quoted with approval from Cooley on Constitutional Limitations (7th Ed.), at page 554, Note 2, where it is said: "To make a statute a public law of general obligation, it is not necessary that it should be equally applicable to all parts of the State. All that is required is that it shall apply equally to all persons within the territorial limits described in the act," citing *S. v. County Commissioners of Baltimore*, 29 Md. 516; *Pollock v. Mc-Clurken*, 42 Ill. 370; *Haskel v. Burlington*, 30 Iowa 232; *Unity v. Burrage*, 103 U.S. 447, 26 L. Ed. 405.

The question of the propriety, wisdom, and expediency of legislation is exclusively a legislative matter and if an Act is otherwise unobjectionable, all that can be required of it is that it be general in its application to the class or locality to which it applies and that it be public in its character. *Kornegay v. Goldsboro, supra; Newell v. Green*, 169 N.C. 462, 86 S.E. 291; *S. v. Moore*, 104 N.C. 714, 10 S.E. 143, 17 Am. St. Rep. 696.

The defendant also contends that Chapter 1057 of the General Session Laws of 1951 is invalid because in its caption it does not purport to comply with G.S. 12-1, which provides that, "No act, which by its caption purports to be a public-local or private act, shall have the force and effect to repeal, alter or change the provisions of any public law, unless the caption of said public-local or private act shall make specific reference to the public law it attempts to repeal, alter or change."

In considering this identical question with respect to the above statute, in the case of *S. v. Norman*, 237 N.C. 205, 74 S.E. 2d 602, this Court held that, ". . . one Legislature cannot restrict or limit by statute the right of a succeeding Legislature to exercise its constitutional power to legislate in its own way," citing 12 C.J., Constitutional Law, section 238. See also *Kornegay v. Goldsboro, supra;* 82 C.J.S., Statutes, section 243 (b), page 412, *et seq.*

The Act under consideration does not purport to repeal any general law, but merely to provide an additional or optional method of trial in the Superior Court in Forsyth County in cases where the relief sought

is a money judgment only and costs of court, in which the sum demanded (exclusive of interest and costs of court) by the plaintiff, defendant or other party does not exceed $1,000.00, and in which no jury trial is demanded. Cases coming within this category may still be tried before a jury in Forsyth County in the same manner that they were triable before the enactment of this Act, where the plaintiff does not exercise his optional right to bring his action pursuant to the terms of this Act. Likewise, a defendant may demand and get a jury trial in an action brought pursuant to the provisions of the Act, if he so demands in the first pleading filed by him, and shall also comply with the provisions of Section 4 of the Act with respect to costs and prosecution bond. Hence, we hold that the defendant's first assignment of error is without merit.

We might note in passing that Chapter 1057 of the 1951 Session Laws has served as a model for Chapter 1337 of the 1955 Session Laws, a state-wide Act passed by the General Assembly containing provisions almost identical with those of Chapter 1057. The purpose of such legislation is to provide a method whereby small claims for a money judgment only may be tried expeditiously and without requiring the time and incurring the expense necessarily involved in a jury trial.

The defendant excepts to and assigns as error the refusal of the court below to grant him a jury trial as guaranteed by Amendment 7 to the Constitution of the United States, by Article I, section 19, of the Constitution of North Carolina, and by G.S. 1-172.

Amendment 7 to the Constitution of the United States is not applicable to the states, *St. Louis & S. F. R. Co. v. Brown,* 241 U.S. 223, 60 L. Ed. 966, the provisions thereof apply only to the federal government. *Pearson v. Yewdall,* 95 U.S. 294, 24 L. Ed. 436; *Southern Railway Co. v. Durham,* 266 U.S. 178, 69 L. Ed. 231, 185 N.C. 240, 117 S.E. 17, 35 A.L.R. 1313. However, Rule 38 of the Federal Rules of Civil Procedure requires a party to demand a trial by jury if one is desired and to serve notice of the demand on the other parties in the manner set out in the Rule or such right will be deemed waived. United States Supreme Court Digest, Annotated, Court Rules, page 231.

Our State Constitution, in Article IV, section 13, provides, "In all issues of fact, joined in any court, the parties may waive the right to have the same determined by a jury, in which case the finding of the judge upon the facts shall have the force and effect of a verdict of a jury." But, ordinarily, the manner of such waiver is controlled by statute. See G.S. 1-184; G.S. 1-188; G.S. 1-513, and *Electric Co. v. Light Co.,* 197 N.C. 766, 150 S.E. 621.

In an action brought pursuant to the provisions of G.S. 1-513, where neither party moves for a jury trial on the issues raised by the plead-

ings, such issues may be determined by the court. *Cannon v. Wiscassett Mills,* 195 N.C. 119, 141 S.E. 344. Likewise, while a compulsory reference pursuant to the provisions of G.S. 1-189 does not deprive either party of his constitutional right to a trial by jury on the issues of fact raised by the pleadings, nevertheless, "the party who would preserve the right to have the issues found by a jury, must duly except to the order of reference, and, on the coming in of the referee's report, if it be adverse, he must file exceptions thereto in apt time, properly tender appropriate issues, and demand a jury trial on each of the issues thus tendered." *Booker v. Highlands,* 198 N.C. 282, 151 S.E. 635; *Marshville Cotton Mills v. Maslin,* 200 N.C. 328, 156 S.E. 484; *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79.

It is said in 50 C.J.S., Juries, section 117, page 832: "The Constitutions in guaranteeing the right of trial by jury do not guarantee the right to litigate without expense, but merely protect the parties against the imposition of terms so unreasonable as materially to impair the right; and, except in the case of a party entitled to sue *in forma pauperis,* it is no infringement of the right to require as a condition of obtaining a jury trial the payment or deposit of a jury fee or docket fee or the giving of a bond for costs." 31 Am. Jur., Jury, section 33, page 581; Anno. 32 A.L.R. 865; *Knee v. Baltimore City Pass. R. Co.,* 87 Md. 623, 40 A. 890, 42 L.R.A. 363; *Humphrey v. Eakley,* 72 N.J.L. 424, 60 A. 1097, 5 Ann. Cas. 929, aff. 74 N.J.L. 599, 65 A. 1118; *Stephens v. Kasten,* 383 Ill. 127, 48 N.E. 2d 508; *Reliance Auto Repair Co. v. Nugent,* 159 Wisc. 488, 149 N.W. 377, Ann. Cas. 1917B 307; *State ex rel. Murphy-McDonald Builders' Supply Co. v. Parks* (Fla. 1950), 43 So. 2d 347; *Walker v. Parkway Cabs, Inc.,* 50 Ohio App. 250, 197 N.E. 921.

We hold that the provisions in the Act under consideration, to the effect that no jury trial shall be had in an action instituted pursuant thereto, unless a demand is made therefor in the manner set out in the Act, and the costs advanced and the prosecution bond filed as required therein, are not unreasonable provisions and will be upheld.

The defendant having been represented by competent counsel and having filed an answer without demanding a jury trial, as required in this particular type of action, if one is so desired, the right thereto will be deemed to have been waived. "Ordinarily, an attorney, by virtue of his employment as such, has control and management of the suit in matters of procedure . . ." *Harrington v. Buchanan,* 222 N.C. 698, 24 S.E. 2d 534; *Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364; 7 C.J.S., Attorney and Client, section 100 (c), page 922, *et seq.* This assignment of error is overruled.

The defendant's fourth assignment of error is based on his exception to the refusal of the court to grant him a continuance to a subsequent term. In the recent case of *S. v. Ipock,* 242 N.C. 119, 86 S.E. 2d 798, *Higgins, J.,* in speaking for the Court, said: "Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial," citing *S. v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5; *S. v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778; *S. v. Culberson,* 228 N.C. 615, 46 S.E. 2d 647; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

No abuse of discretion has been shown on the present record, or a showing that the defendant has been deprived of a fair trial.

The judgment of the court below is
Affirmed.