BRENDA WHITE WILLIAMS v. WALTER LEON WILLIAMS

No. 711DC679

(Filed 2 February 1972)

1. Constitutional Law § 24; Jury § 1— right to jury trial — U. S. Constitution

The right to trial by jury guaranteed by the Seventh Amendment to the U. S. Constitution applies only to the federal courts and not to the state courts.

2. Divorce and Alimony §§ 2, 16— alimony without divorce — former requirement of jury trial

In an action for alimony without divorce brought before the repeal of G.S. 50-16, effective 1 October 1967, permanent alimony could not be awarded unless the issues raised by the pleadings were passed upon by the jury.

3. Divorce and Alimony §§ 2, 16— alimony without divorce —.waiver of jury trial

Issues of fact in an action for alimony without divorce may now be determined by the judge if a jury trial is waived by failing to make timely demand pursuant to G.S. 1A-1, Rule 38(b), since G.S. 50-16.8 changed the procedure to be followed in actions for alimony without divorce from the divorce procedure set forth in G.S. 50-10 to the procedure applicable to other civil actions.

4. Insane Persons § 10; Rules of Civil Procedure § 17 —incompetent defendent

An incompetent must defend by general or testamentary guardian, if he has one, or by guardian *ad litem*. G.S. 1A-1, Rule 17(b)(2).

5. Insane Persons § 10; Rules of Civil Procedure § 17— duty of judge to determine litigant's competency

Where circumstances arise in the course of a trial which bring into question the competence of a litigant, it is the duty of the trial judge to determine this question before proceeding.

6. **Insane Persons § 10; Rules of Civil Procedure § 17— failure to determine competency of defendant**

　　The trial court in this action for alimony without divorce was not required to determine the competency of defendant where defendant did not contend at any time before appeal that he was incompetent, the record shows that defendant has been hospitalized on several occasions for mental disorder but none of those periods were recent, defendant was employed in a responsible position at the time of the trial, and defendant's testimony in his own behalf did not reflect any mental disorder or deficiency.

7. **Insane Persons § 10; Rules of Civil Procedure § 17— competency of defendant — remark of judge after trial**

　　Remark made by the trial judge after trial, but before judgment was entered, to the effect that defendant needed a guardian was merely an expression of impatience and was not intended as a finding or expression of opinion as to defendant's competency.

8. **Rules of Civil Procedure § 52; Trial § 58 —trial by court without jury — necessity for findings and conclusions**

　　In cases where the trial judge passes on the facts, he must (1) find the facts on all issues joined on the pleadings, (2) declare the conclusions of law arising on the facts, and (3) enter judgment accordingly. G.S. 1A-1, Rule 52(a).

9. **Divorce and Alimony § 18— award of alimony — failure to find wife is dependent spouse**

　　Attempted award of alimony to the wife is set aside where the findings of fact and conclusions of law made by the trial judge do not resolve the crucial issue of whether the wife is the dependent spouse and the husband is the supporting spouse, and the judgment contains no adjudication that the wife is entitled to alimony.

10. **Divorce and Alimony § 23— alimony — child support — identification of each allowance**

　　In cases where alimony or alimony *pendente lite* is allowed and provision is also made for support of minor children, the order must separately state and identify each allowance.

APPEAL by defendant from *Horner, District Judge,* 11 March 1971 Special Session of District Court held in CURRITUCK County.

　　This appeal is from judgment entered after final hearing by the court without a jury in an action brought by plaintiff wife against her husband for alimony without divorce, custody of minor children, and support and maintenance for minor children.

The court entered findings of fact and ordered: (1) that custody of the minor children to be awarded plaintiff with defendant to have reasonable privileges of visitation; (2) that defendant pay to plaintiff $75 a month for support of the children, plus all their medical and dental expenses; and (3) that defendant convey to plaintiff by general warranty deed a one-half undivided interest in the residence and "the acre of ground on which the house now stands."

*No brief filed by plaintiff appellee.*

*E. Ray Etheridge for defendant appellant.*

GRAHAM, Judge.

Defendant did not request a jury trial and made no objection to the court hearing the matter without a jury. He contends now, however, that his rights under the Federal constitution and the State constitution were violated in that he was not afforded a trial by jury.

[1]   The Seventh Amendment to the United States Constitution guarantees trial by jury in suits at common law in the United States courts. It is well settled, however, that this provision applies only to the federal courts and not to the state courts. *St. Louis and S.F.R. Co. v. Brown,* 241 U.S. 223, 36 S.Ct. 602, 60 L.Ed. 966; *Person v. Yewdall,* 95 U.S. 294, 24 L.Ed. 436; *Caudle v. Swanson,* 248 N.C. 249, 103 S.E. 2d 357; *Furniture Co. v. Baron,* 243 N.C. 502, 91 S.E. 2d 236.

This case was tried before the effective date of the new North Carolina Constitution which was adopted 3 November 1970 and became effective 1 July 1971. Art. I, § 19 [Art. I, § 25, Const. 1970], Const. 1868 provides that in "all controversies at law respecting property, the ancient mode of trial by jury . . . shall remain sacred and inviolable." Art. IV, § 12 [Art. IV, § 14, Const. 1970], Const. 1868, 1961, provides:

> "*Waiver of jury trial.*—In all issues of fact joined in any court, the parties in any civil case may waive the right to have the same determined by a jury; in which case the finding of the judge upon the facts shall have the force and effect of a verdict by a jury."

Ordinarily, the matter of such waiver is controlled by statute. *Furniture Co. v. Baron, supra.* Questions of custody and

support of minor children are to be heard by the court without a jury, G.S. 50-13.5 (h), and defendant does not contend that he had any right to a jury trial with respect to these issues. He contends, however, that he had a right to a jury trial on the issuable facts raised by his wife's action for alimony.

Defendant concedes that he did not demand a jury trial in the manner now required by G.S. 1A-1, Rule 38. Thus, unless an action for alimony without divorce is an action wherein a jury trial cannot be waived, defendant has waived his right of trial by jury. G.S. 7A-196 (a) ; G.S. 1A-1, Rule 38 (d).

[2] In an action for alimony without divorce brought before the repeal of G.S. 50-16, effective 1 October 1967, permanent alimony could not be awarded unless the issues raised by the pleadings were passed upon by the jury. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5; *Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306; *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790. This was so because the effect of a decree for alimony rendered under G.S. 50-16 was considered identical to that of a decree of divorce from bed and board rendered pursuant to G.S. 50-7. Consequently, an action under G.S. 50-16 for alimony without divorce was held to be within the purview of a divorce action and governed by the procedure required for divorce actions. The procedure in a divorce action is not the same as the procedure in other civil actions in that the material facts in the complaint are deemed denied, whether actually denied by pleading or not. Also, "no judgment shall be given in favor of the plaintiff . . . until such facts have been found by a jury," except in actions based on a one-year separation, in which instance jury trials may be waived under certain circumstances. G.S. 50-10.

Jurisdiction over the subject matter of divorce is given only by statute. Art. II, § 10, Const. 1868 [modified and continued in Art. II, § 24(1) (m) and 24(4), Const. 1970] ; *Schlagel v. Schlagel, supra; Hodges v. Hodges,* 226 N.C. 570, 39 S.E. 2d 596.

In enacting G.S. 50-16.1 *et seq.,* effective 1 October 1967, the General Assembly included a provision specifying that the procedure to be followed in actions for alimony without divorce is the same as in other civil actions. "The procedure in actions for alimony and actions for alimony pendente lite shall be as in

other civil actions except as provided in this section." G.S. 50-16.8(a). The exceptions which follow are not pertinent here.

[3] We are of the opinion, and so hold, that in enacting G.S. 50-16.8, the General Assembly changed the procedure to be followed in actions for alimony without divorce from the divorce procedure set forth in G.S. 50-10 to the procedure applicable to *other civil actions*. In *other civil actions*, issues of fact may be determined by the judge if a jury trial is waived by failing to make timely demand pursuant to G.S. 1A-1, Rule 38(b). *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439. Defendant did not demand a jury trial in accordance with Rule 38(b) and therefore he waived his right to trial by jury.

Defendant assigns as error the failure of the trial judge to appoint a guardian for him, contending that he was incompetent at the time of trial.

[4, 5] An incompetent must defend by general or testamentary guardian, if he has one, or by guardian ad litem. G.S. 1A-1, Rule 17(b)(2). A guardian ad litem may be appointed upon the court's own motion. G.S. 1A-1, Rule 17(c)(4). Where circumstances arise in the course of a trial which bring into question the competence of a litigant, it is the duty of the trial judge to determine this question before proceeding. *Rutledge v. Rutledge*, 10 N.C. App. 427, 179 S.E. 2d 163.

[6] Defendant, who was represented by counsel, made no motion at the trial for appointment of a guardian ad litem and did not contend at any time before appeal that he was incompetent. The record reflects that on several occasions defendant has been hospitalized for mental disorder. However, there is no indication that any of these periods were recent. At the time of trial defendant was employed in a responsible position. He testified in his own behalf and nothing in his testimony reflects any mental disorder or deficiency. We do not find in the record any circumstances which would raise a question as to defendant's competency.

[7] In support of this assignment of error defendant stresses a side remark made by the judge after trial, but before judgment was entered. This remark, which was to the effect defendant needed a guardian, was obviously not intended by the judge as a finding or an expression of opinion as to defendant's lack of

competency. Viewing the remark in the context in which it was made, we interpret it as simply an expression of impatience by the judge, prompted by evidence of various acts by defendant which may reflect ill-will toward his wife, but which do not suggest incompetency.

Through his final assignment of error defendant contends that the facts found by the trial judge do not support the judgment.

[8]  In cases where the trial judge passes on the facts, it is necessary that he (1) find the facts on all issues joined on the pleadings, (2) declare the conclusions of law arising on the facts, and (3) enter judgment accordingly. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149; G.S. 1A-1, Rule 52(a).

[9, 10]  In paragraph nine of her complaint, plaintiff alleges that she is the dependent spouse and defendant is the supporting spouse. In paragraph nine of the answer, defendant denies these allegations. The findings of fact and conclusions of law made by the trial judge make no attempt to resolve these two crucial issues. Furthermore, the judgment contains no conclusion or adjudication that plaintiff is entitled to alimony. In fact, some confusion exists as to whether the portion of the judgment ordering defendant to convey title to a one-half undivided interest in the residence was intended as a provision for alimony or a provision for child support. In cases where either alimony or alimony pendente lite is allowed and provision is also made for support of minor children, the order must separately state and identify each allowance. *Kearns v. Kearns,* 6 N.C. App. 319, 170 S.E. 2d 132; G.S. 50-16.7(a) ; G.S. 50-13.4(e).

The judgment contains sufficient findings of fact to support the court's award to plaintiff of custody of the minor children and its order that defendant pay $75 monthly, plus medical and dental expenses, as support for the minor children. These portions of the judgment will not be disturbed. However, the portion of the judgment ordering defendant to transfer to plaintiff title to a one-half undivided interest in the residence, which we interpret as an attempt to award alimony, is stricken and the case is remanded for rehearing on all issues arising with respect to plaintiff's claim for alimony without divorce.

In remanding the case, we deem it appropriate to call attention to G.S. 50-16.7(a), which provides, "alimony or alimony

pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, *or a security interest in or possession of real property,* as the court may order." (Emphasis added.) G.S. 50-13.4(e) has an identical provision with respect to payment for the support of a minor child.

Remanded.

Chief Judge MALLARD and Judge HEDRICK concur.