FLETTERS L. GOBRAIT, JR., and FLETTERS L. GOBRAIT,
Plaintiffs,
v.
AMERICANA HOTELS, INC., et al.,
Defendants.

High Court of American Samoa
Trial Division

CA No. 12-78

November 2, 1978

MIYAMOTO, Acting Chief Justice.

Fletters L. Gobrait, Jr., suffered cervical injuries at the Rainmaker Hotel swimming pool on August 23, 1975. He and his father filed this tort complaint over two years later, on February 21, 1978. The governmental defendants (Government of American Samoa, American Samoa Development Corporation, and LBJ Tropical Medical Center) prommptly moved to dismiss the complaint as to them on March 8, 1978, on the grounds that plaintiffs had failed to comply with the requirements of the Government Tort Liability Act (11 ASC 7281 et. seq.). Basically, the Act provides that a tort action may not be instituted against governmental entities unless and until a claim has been presented to the Attorney General of American Samoa and the "....claim shall have been finally denied by the Attorney General in writing..." or six months have passed without a final disposition of the claim. 11 ASC 7285(a).

After the Attorney General noticed this motion on behalf of the governmental defendants, plaintiffs filed a claim with the Attorney General on March 29, 1978.[1] The record is silent concerning any action on this claim, but it appears that six months have passed without there being a final disposition of the claim, and so, at plaintiffs' option, it can be deemed denied by operation of law. Nevertheless, the complaint, when filed, was jurisdictionally deficient for failure to exhaust administrative remedies. 11 ASC 7285(a); see also 28 USC 2675(a). The identical provisions in the Federal Tort Claims Act have been held numerous times to be mandatory, and any action institutetd without a prior claim on the appropriate government official must be dismissed. Blain v. United States (9th Cir. 1977) 552 F.2d 289; see 28 USC 2675, n. 1. Plaintiffs have never moved to amend their complaint nor have they filed supplemental pleadings

----

1. Some months previously plaintiffs had filed a claim with the Secretary of the Interior, purportedly pursuant to the Federal Tort Claims Act (see 28 USC section 2671 et. seq.), but that act is inapplicable here in light of the existence of a virtually identical act in this jurisdiction.

setting forth compliance with the Government Tort Liability Act, and so the governmental defendants' motion to dismiss the complaint as to them is granted.

Plaintiffs have requested a jury trial [2] in spite of rule 3, High Court Rules, which provides that references in the federal rules concerning jury trials are inapplicable to this court. Essentially, plaintiffs are asking this court to change that rule so that there will be a right to a jury trial in civil cases.

They concede that there is no federal constitutional right to a civil jury trial in state or territorial courts under the Seventh and Fourteenth Amendments. Although in criminal cases the right to trial by jury embodied in the Sixth Amendment has been held to apply to the states under the due process clause of the Fourteenth Amendment (Duncan v. Louisiana (1968) 391 U.S. 145, 149), no court has held that the federal right to a civil jury trial found in the Seventh Amendment is a necessary component of due process, at least uncr the federal constitution. In fact, a long line of cases has held the opposite. Edwards v. Elliot (1874) 88 U.S. 532; accord, Pearson v. Yewdall (1877) 95 U.S. 294.) The Supreme Court has also stated that the federal right to trial by jury in civil cases does not apply to unincorporated territories' courts. Puerto Rico v. Shell Oil Co. (1937) 302 U.S. 253, 258.

But plaintiffs argue that the due process clause of the American Samoa Constitution (Art. I, sec. 2) should be interpreted to require civil jury trials. Using the test discussed by the United States Supreme Court in Duncan v. Louisiana, supra, 391 U.S. at 149, namely, is the right to a jury trial in civil cases "basic in our system of jurisprudence" or is it "a fundamental right, essential to a fair trial," it can be seen that the use of a jury is not essential to a fair fact-finding process in civil trials. As noted in McKeiver v. Pennsylvania (1971) 403 U.S. 528, 543, which refused to require jury trials in juvenile cases, "...one cannot say that in our legal system the jury is a necessary component of accurate fact-finding. There is much to be said for it, to be sure, but we have been content to pursue other ways for determining facts. Juries are not required, and have not been, for example; in equity cases, in workmen's compensation, in probate, or in deportation cases. Neither have they been generally used in military trials.

Although there is no requirement under current law that there be civil jury trials, the Chief Justice, pursuant to his rule-making and supervisory powers (5 ASC 202(c)), may promulgate rules to provide for a right to civil jury trials in the future in certain classes of actions, as has already been done in criminal cases. The matter is being considered by the Acting Chief Justice, but any rules to be promulgated to allow for civil jury trials would be prospective only and would not apply to this case.

The motion of the governmental defendants to dismiss the complaint against them is granted without prejudice to refile a proper complaint; plaintiffs' motion for a jury trial is denied.

---

2. This request is now moot as to the governmental defendants because the complaint against them will be dismissed, but it must still be considered as to the remaining defendants.