***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and oral arguments before the Full Commission. The appealing party has shown good cause to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission REMANDS this matter for the taking of additional evidence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff suffered an alleged injury by accident to his spine, head, right arm, left arm, and chest on May 24, 2007, while employed by Charles DuBose.
2. Defendant was served with a calendar providing notice of hearing before Deputy Commissioner Rideout on May 16, 2008. Service of process was made by US Mail, certified, Return Receipt Requested, No.: 707 0220 003 5468 2857, on April 24, 2008.
3. Defendant, doing business as Dubose International, is an uninsured employer.
4. Defendant did not appear for hearing personally or through counsel.
5. Deputy Commissioner Rideout issued an Opinion and Award in this matter of September 23, 2008. The Opinion and Award concluded that Plaintiff was an employee of the Defendant, the parties were subject to the North Carolina Workers' Compensation Act and that Plaintiff suffered a compensable injury by accident arising out of and in the course and scope of his employment with Defendant in that he sustained an injury to his head, spine, shoulder, and arms. Defendant was ordered to pay a) temporary total and partial disability benefits, and b) past and future medical expenses. In addition, Defendant was ordered to pay a civil penalty for failure to maintain workers' compensation insurance or qualify as an approved self-insurer and to provide proof of workers' compensation insurance to the Industrial Commission within fifteen days of the date of the Award.
6. The Opinion and Award was served on the parties even though proof of service of process is not found in the Industrial Commission's file. No date of service has been established.
7. On October 24, 2008, Deseera Butler, who is not licensed to practice law in the State of North Carolina, filed a notice of appeal on behalf of Defendant. The notice of appeal indicated that "Mr. DuBose is 91 years old and this whole time [he] was under the impression *Page 3 
that he had a lawyer working on this case." In addition, Butler represented that she holds Defendant's power of attorney.
8. Plaintiff filed a Motion to Show Cause and on October 27, 2008, the Chief Deputy Commissioner filed an Order to Appear. The Order found probable cause to believe that the Defendant had failed to comply with the Opinion and Award of September 23, 2008, and ordered Defendant to appear to show cause before Deputy Commissioner Phillip Baddour on November 25, 2008. The Deputy Commissioner filed an Amended Order to Appear on November 3, 2008.
9. The Order and Amended Order to Appear to Show Cause were served by US Mail, Certified, Return Receipt Requested, upon Defendant.
10. On our about November 6, 2008, the Docket Director of the Industrial Commission acknowledged Butler's notice of appeal by letter addressed to Butler and to the Defendant. The acknowledgment letter was sent to both individuals at one address: PO Box 1068, Roseboro, North Carolina 28232.
11. Defendant did not appear personally or through legal counsel at the contempt hearing before Deputy Commissioner Baddour.
12. On or about January 14, 2009, Plaintiff filed a Motion to Dismiss Defendant's appeal to the Full Commission as untimely.
13. By Order of January 29, 2009, the Chair of the Industrial Commission referred the Motion to the panel of the Full Commission hearing the appeal. The Chair noted in the Order that "Defendant's Notice of Appeal suggests that Defendant's delay in filing the Notice of Appeal may have been due to excusable neglect." *Page 4 
14. Butler's notice of appeal and representation that she holds "power of attorney" for Defendant suggests that Defendant may be incompetent to handle his own affairs.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Rules of Civil procedure provide that an incompetent who is a defendant in a civil action must be defended by a general or testamentary guardian, and if neither exists within this state, then by appointment of a guardian ad litem. Where circumstances arise in course of trial which bring into question the competence of the litigant, it is duty of trial judge to determine this question before proceeding. N.C. Gen. Stat. § 1A-1, Rule 17;Williams v. Williams, 13 N.C. App. 468, 186 S.E.2d 210 (1972).
2. Any judgment or decree against an unrepresented incompetent is void if a guardian ad litem has not been appointed and prejudicial error exists. Tart v. Register,257 N.C. 161, 125 S.E2d 754 (1962).
3. No limitation of time provided in this Article for the giving of notice or making claim under this Article shall run against any person who is mentally incompetent, or a minor dependent, as long as he has no guardian, trustee, or committee. N.C. Gen. Stat. § 97-50.
 ***********
Based upon the foregoing findings of fact and conclusions of law the Full Commission enters the following:
 AWARD
1. This matter is remanded to the Chief Deputy Commissioner for assignment to a Deputy Commissioner to take testimony as provided for below. *Page 5 
2. The Deputy Commissioner shall conduct a hearing to solicit evidence as to the following:
 a. Solicit evidence of whether at the date of the original hearing of the workers' compensation and penalty hearings whether or not Charles DuBose required the appointment of a guardian at litem.
 b. Specifically, testimony should be elicited when and under what circumstances Deseera Butler was designated as power of attorney for DuBose.
 c. Take evidence as to the involvement of any attorney on behalf of the Charles DuBose at any time during the existence of this workers' compensation action.
 d. Take detailed evidence as to the reasons that Charles DuBose failed to appear at the initial hearing and failed to file briefs with the Full Commission on the appeal of this case.
3. Service of process of this Interlocutory Opinion and Award shall be made upon Charles DuBose and Deseera Butler. The Deputy Commissioner conducting the hearing ordered shall also serve both individuals.
4. Upon the completion of taking testimony and other evidence, this matter should be returned to the undersigned for further review of this matter.
5. No costs are taxed at this time.
This the 29th day of March, 2010.
 S/___________________ *Page 6 
DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1