### STATE v. EMMA SIMPSON.

(Filed 13 January, 1956.)

**Constitutional Law § 34d—Counsel must be appointed for person accused of capital felony who is unable to employ counsel.**

 G.S. 15-4.1, implementing Article I, Sec. 11, of the Constitution of North Carolina, makes it mandatory that the clerk of the Superior Court notify the resident judge or the judge holding the courts of the district, and request immediate appointment of counsel for an accused held in custody on a capital charge, who is unable to employ counsel, and failure of such accused to have counsel appointed for her until after verdict and sentence violates her legal rights under the statute and Constitution and also under the due process clause of the Fourteenth Amendment to the Federal Constitution.   The fact that the State, after arraignment and plea, elects not to press the charge for the capital offense does not affect the mandatory provisions of the statute.

APPEAL by defendant from *Stevens, J.,* April, 1955 Term Superior Court, ROBESON.

Criminal prosecution upon an indictment charging Northrup McNair and Emma Simpson with the first degree murder of Danzy Simpson.

Each defendant upon arraignment entered a plea of not guilty. Whereupon the solicitor, in open court, announced: "The State will seek no greater verdict than murder in the second degree."   The defendant Northrup McNair was represented by counsel.   The appellant was without counsel.

At the conclusion of the State's evidence the court directed a verdict of not guilty as to McNair.   This appellant was convicted of murder in the second degree and sentenced to 25 years in the State's Prison.   However, immediately after verdict and sentence, the presiding judge appointed counsel who prepared the case on appeal, filed a brief and argued the case in this Court.

*William B. Rodman, Jr., Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*Charles G. McLean for Emma Simpson, defendant appellant.*

HIGGINS, J.   The appellant assigns as error the failure of the court to appoint counsel to represent her in the trial.   She was indicted for murder in the first degree, the punishment for which may be death.   By stipulation it appears:  (1) The appellant is a poorly educated colored woman, unfamiliar with court and jury trial procedure;  (2) she is a pauper, financially unable to employ counsel;  (3) the State was represented at the trial by the solicitor, by the assistant solicitor, and by a member of the bar employed by the private prosecution;  (4) the codefendant McNair was represented by two attorneys of his own selection.

The homicide occurred on 15 February 1955.   Appellant was arrested the following day.   She was indicted at the March Term of Superior Court and tried at the April Term following.   She was in custody from the time of the arrest until after the trial.   She was unable to employ counsel.   The court failed to appoint counsel until after verdict and sentence.

There was no evidence the two defendants were acting in concert at the time of the homicide.   The codefendant was shown to be the owner of the death weapon and to have fired the first shot.   He was successful in convincing the court he did not fire the fatal shot.   The jury accepted the alternative view and concluded the appellant did.   The record, built up by the prosecution and by counsel for the codefendant shows, beyond peradventure, how dire was appellant's need for a competent attorney. To place her on trial without the appointment of counsel violated her legal rights both under the Constitution and Statutes of North Carolina, and under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

Implementing Article I, Section 11, Constitution of North Carolina, G.S. 15-4.1 provides: "When any person is bound over to the Superior Court to await trial for an offense for which the punishment may be death, the clerk of the superior court in the county shall, if he believes the accused may be unable to employ counsel, within five days notify the resident judge of the district, or any superior court judge holding the courts of the district, and request immediate appointment of counsel to represent the accused.   If the judge is satisfied that the accused is unable to employ counsel he shall appoint counsel to represent the accused as soon as practicable."   Under the facts stipulated, the appointment of counsel was mandatory.   *S. v. Hedgebeth,* 228 N.C. 259, 45 S.E. 2d 563; *In re Taylor,* 230 N.C. 566, 53 S.E. 2d 857; *S. v. Cruse,* 238 N.C. 53, 76 S.E. 2d 320; *S. v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778; *S. v. Collins,* 70 N.C. 241; 27 N. C. Law Review, 422; Fourteenth Amendment to the Constitution of the United States; *Hedgebeth v. North Carolina,* 334 U.S. 806 (affirming *S. v. Hedgebeth, supra*) ; *Powell*

*v. Alabama,* 287 U.S. 45; *Rice v. Olson,* 324 U.S. 786; *Wade v. Mayo,* 334 U.S. 672; *Palmer v. Ashe,* 342 U.S. 134.

Upon arraignment and plea of not guilty the State elected not to press the charge for murder in the first degree. On that account the learned judge seems to have concluded the law did not require the appointment of counsel. In this he was in error. The statute provides counsel *shall* be appointed when the accused is unable to employ counsel and is bound over to the Superior Court to answer a charge, the punishment for which may be death. The record shows the indictment for murder in the first degree was returned in March. The accused was already in jail. She was a pauper. She was entitled to have the clerk and the judge proceed as provided in G.S. 15-4.1 and appoint counsel. It was immaterial whether she requested the appointment. Failure to make the request indicates either she did not realize her predicament or did not know she had a right to have the court appoint an attorney for her. The statute says the clerk shall notify the judge in five days and the judge shall make the appointment as soon as practicable. An appointment made promptly is contemplated to the end the attorney may investigate the case before facts, if any, favorable to the defense are lost sight of or covered up.

The appellant went to trial and judgment without counsel. She was tried and convicted without due process of law. Her assignment of error No. 1 must be sustained. We have not considered and do not pass upon the other assignments of error. Counsel for appellant and the Attorney General have filed excellent briefs. We commend the latter for his frankness in stating: "The Attorney General freely acknowledges the serious import of failure to have counsel."

For the error pointed out, the verdict and judgment are set aside and the cause returned to the Superior Court of Robeson County for a

New trial.