### STATE v. ISAAC DAVIS.

(Filed 30 April, 1958.)

**1. Constitutional Law § 32—**

   There is no statutory requirement that indigent defendants charged with a crime less than a capital felony must have court appointed counsel, and in the absence of a request for counsel and in the absence of any showing that counsel is essential to a fair trial, the appointment of counsel rests in the sound discretion of the trial judge. G.S. 15-4.1.

**2. Criminal Law § 147: Habeas Corpus § 2—**

   Where defendant does not request appointment of counsel and does not

STATE *v.* DAVIS.

serve case on appeal or cause his appeal to be docketed in order that it might be heard on the record proper, or apply for a writ of *certiorari* to preserve the right of review at the next succeeding term of the Supreme Court, a judge of the Superior Court is thereafter without power to enlarge the time for service of case on appeal, and an order doing so upon a petition for *habeas corpus* is ineffective.

**3. Habeas Corpus § 2—**

An order entered in a *habeas corpus* proceeding appointing counsel for defendant and allowing him time therefrom to perfect his appeal after time for perfecting appeal had expired, and purporting to arrest the judgment, will be reversed upon review by *certiorari,* no prejudicial error appearing upon the face of the record proper, and the original sentence remains in effect, although defendant should be given credit for time spent in confinement since the entry of the order purporting to arrest the judgment.

**4. Criminal Law §§ 149, 173:    Habeas Corpus § 8—**

The strict enforcement of the rules governing appeals does not preclude rights under the Post Conviction Hearing Act, G.S. 15-217, nor the right to petition for a writ of *certiorari* to review orders entered in a *habeas corpus* proceeding.

CERTIORARI allowed upon petition of Solicitor for the State to review the order of *Burgwyn,* Emergency Judge, entered on 13 November 1957.

The defendant was tried and convicted at the March Term 1956 of the Superior Court of WAKE COUNTY on a bill of indictment charging him with breaking and entering. The bill of indictment had been returned at the February Term 1956 of said court. The defendant was sentenced to a prison term of not less than five nor more than seven years in Central Prison and assigned to work under the supervision of the State Highway and Public Works Commission. He gave notice of appeal to the Supreme Court and was authorized to appeal as a pauper. He was allowed fifteen days in which to serve his case on appeal and the State was allowed ten days thereafter to file exceptions or serve countercase.

No case on appeal having been served on the Solicitor within the fifteen days allowed, and the time for serving such case not having been extended, his Honor Hamilton Hobgood, Judge Presiding at the May Criminal Term 1956 of the Superior Court of Wake County, ordered that the defendant be committed to prison in accordance with the original judgment. Committment was issued on 7 May 1956.

At the November Term 1957 of Wake Superior Court, Judge Burgwyn in a *habeas corpus* proceeding entered an order appointing counsel for the defendant, allowing him twenty days from the signing of the order to perfect his appeal, and purporting to arrest the judgment theretofore entered.

No case on appeal was served on the Solicitor during the time allowed by said order. Hence, on 30 January 1958, the Solicitor for the State filed a petition for a writ of *certiorari* and docketed the record proper in this Court in order that the Court might review Judge Burgwyn's order. We allowed the petition on 11 February 1958.

*Attorney General Patton, Assistant Attorney General Bruton for the State.*
*Carl E. Gaddy, Jr., for defendant.*

DENNY, J.   It appears that the defendant was without counsel when he was convicted and sentenced on the charge of breaking and entering at the March Term 1956 of the Superior Court of Wake County. There is no showing that the appointment of defense counsel was essential to a fair trial in the Superior Court, or that the appointment of counsel was requested. *S. v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778.

There is no statutory requirement in this jurisdiction that indigent defendants not accused of capital felonies must have court appointed counsel. *S v. Hedgebeth,* 228 N.C. 259, 45 S.E. 2d 563; *S. v. Cruse,* 238 N.C. 53, 76 S.E. 2d 320. Cf. *S. v. Simpson,* 243 N.C. 436, 90 S.E. 2d 708, and see G.S. 15-4.1.

A defendant has the constitutional right to be represented by counsel and to have counsel assigned, if requested, when the circumstances are such as to show apparent necessity for counsel to protect his rights. But in the absence of a request therefor, the propriety of providing counsel for a person accused of an offense less than a capital felony, rests in the sound discretion of the trial judge. *S. v. Hedgebeth, supra; In re Taylor,* 230 N.C. 566, 53 S.E. 2d 857; *S. v. Hackney, supra.* See *People v. Logan,* 137 C.A. 2d 331, 290 P 2d 11, where numerous authorities from many jurisdictions are cited.

The fact that Judge Hobgood ordered the sentence imposed at the March Term 1956 into effect at the May Term 1956, after finding as a fact that the defendant had not served his case on appeal within the time allowed by the court, did not prevent the defendant from having his appeal docketed in the Supreme Court for review of the record proper. But since the defendant did not request the appointment of counsel, and did not cause his appeal to be docketed in order that it might be heard on the record proper, nor apply for a writ of *certiorari* at the Fall Term 1956, a judge of the superior court was thereafter without power to enlarge the time for serving case on appeal. *S. v. Walker,* 245 N.C. 658, 97 S.E. 2d 219, and cited cases.

The present case demonstrates the necessity for the strict enforcement of our rules relating to appeals. For example, the defendant in this case waited approximately twenty months before raising any

objection to his trial and conviction or to the judgment imposed. Then when judgment was purportedly arrested on 13 November 1957, and counsel was appointed for him and he was given twenty days in which to serve his case on appeal, there is nothing before us to indicate that he made any effort to prepare or serve such case. Hence, it would seem clear that if the State had not applied to this Court for a writ of *certiorari* to have the order of Judge Burgwyn reviewed, the matter would not now be before us.

A careful review of the record proper reveals no prejudicial error on its face. Therefore, the order of Judge Burgwyn is held to be ineffective to arrest the original judgment. It will, therefore, remain in full force and effect as entered at the March Term 1956. However, the defendant should be given credit on his sentence for any time spent in the Wake County jail since the entry of the order purporting to arrest the judgment.

The necessity for the enforcement of our rules governing appeals in no way constitutes an encroachment on the rights of a defendant which come within the purview of our Post Conviction statute, Chapter 1083, Session Laws of 1951, codified as G.S. 15-217 through and including G.S. 15-222, or the right to petition this Court for a writ of *certiorari* to review orders entered in a *habeas corpus* proceeding.

The order of Judge Burgwyn is

Reversed.