James **HAMMOND**, Petitioner,

v.

**STATE OF NORTH CAROLINA and**
**George W. Randall,**
**Respondents.**

Civ. No. 1523.

United States District Court
E. D. North Carolina,
Raleigh Division.

March 3, 1964.

James Hammond, pro se.

Thomas Wade Bruton, Atty. Gen. of North Carolina, Theodore C. Brown, Jr., Staff Atty., for respondent.

LARKINS, District Judge.

This cause comes before the court on a Petition for writ of habeas corpus filed in forma pauperis by a State prisoner, pursuant to the provisions of Title 28 U. S.C. § 2254. An Answer has been filed by the Respondent.

Careful and thorough consideration of the pleadings, the record, and attached documents has produced evidence sufficient to support the following

### FINDINGS OF FACT

The petitioner was tried at the 1955 Term of the Superior Court of Davidson County on three counts of breaking and entering and larceny. Without representation of counsel, he entered a plea of not guilty but was found guilty by a jury. The court imposed a sentence of

1

from five to ten years on the count of larceny, and a sentence of from five to ten years on the counts of breaking and entering, the sentences to run consecutively. The application alleges, and the Respondent admits, that throughout this proceeding this indigent petitioner was without the aid and assistance of counsel. The evidence is insufficient in showing whether the petitioner did or did not request such assistance. On this matter, the trial record is silent. Neither does it indicate that the petitioner was advised by the court that he was entitled to counsel as a matter of right, regardless of his indigence.

Via Answer the Respondent admits further, as is alleged, that this applicant has exhausted all of the remedies available to him within the State and has petitioned the Supreme Court of the United States for a writ of certiorari. That petition was denied. Thus, this petition is properly before the court and jurisdiction is invoked accordingly. Title 28 U.S.C. § 2254.

## CONCLUSIONS OF LAW

At the time of the petitioner's trial, there existed no statutory requirement in North Carolina whereby the trial court had the duty to appoint counsel for indigent defendants not accused of capital felonies. N.C.Gen.Stat. 15-4. The general rule was set out in State v. Hedgebeth, 228 N.C. 259, 45 S.E.2d 563 (1947). The court stated:

"But in cases of misdemeanors and felonies less than capital it has been the uniform practice in this jurisdiction to regard these provisions as guaranteeing the right of persons accused to have counsel for their defense, to be represented by counsel, and the right to have counsel assigned if requested and the circumstances are such, for financial or other reasons, as to show the apparent necessity of counsel for the protection of the defendant's rights.

"But we cannot hold that in all cases, in the absence of any present statute to that effect, the burden is imposed upon the state to provide counsel for defendants. In cases less than capital the propriety of providing counsel for the accused must depend upon the circumstances of the individual case, within the sound discretion of the trial judge. * * * "

At page 267 of 228 N.C., page 569 of 45 S.E.2d in the same opinion the court commented:

"In Betts v. Brady, 316 U.S. 455 62 S.Ct. 1252, 1261, 86 L.Ed. 1595, the Court, after reviewing the statutory and constitutional provisions as to appointment of counsel in criminal cases in the several states, announced this conclusion: 'This material demonstrates that, in the great majority of the states, it has been the considered judgment of the people, their representatives and their courts that appointment of counsel is not a fundamental right, essential to a fair trial. On the contrary, the matter has generally been deemed one of legislative policy. In the light of this evidence we are unable to say that the concept of due process incorporated in the Fourteenth Amendment obligates the states, whatever may be their own views, to furnish counsel in every such case. Every court has power, if it deems proper, to appoint counsel where that course seems to be required in the interest of fairness.' "

See also State v. Davis, 248 N.C. 318, 103 S.E.2d 289 (1958); 33 N.C.Law Review 174.

■ In the case at hand the petitioner was tried without assistance of counsel and, apparently, without knowledge that he was entitled to such assistance, if he so desired. Clearly, the trial court followed the rule in North Carolina and, in the exercise of its sound discretion, found that the circumstances in this particular case did not require the assignment of counsel. Be that as it may, the Supreme Court of the United States has

overruled its Betts v. Brady decision and has now declared the right of an indigent individual charged with crime to have the assistance and representation of counsel to be a fundamental right, essential to a fair trial, and that right is extended to indigent defendants in State courts by the Fourteenth Amendment of the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In other words, the trial court, whether state or federal, must afford the indigent criminal defendant the opportunity to exercise his right to counsel. He may waive or accept counsel appointed by the court, and it is not incumbent upon the defendant to request the assignment. The court has the duty to fully inform the defendant of his right to counsel and offer him the exercise thereof.

In the instant case, petitioner was not granted the opportunity to waive or welcome court-appointed counsel. Whether he requested it is immaterial. Without the chance to exercise his right to counsel, this petitioner was denied due process of law in violation of the Fourteenth Amendment as interpreted and explained in the Gideon decision.

Because of the admissions of the Respondent in its Answer, this court is of the opinion that the presence of the petitioner is not necessary and that a plenary hearing on this matter is not required since it would add little, if anything, in the way of explanation of the facts involved. Yeaman v. United States, 9 Cir., 326 F.2d 293 (1963).

Therefore, it is ordered that the sentences imposed at the January 1955 Term of the Superior Court of Davidson County in case No. 7273 be, and the same are hereby vacated.

It is further ordered that this Petition for a writ of habeas corpus be, and the same is hereby granted.

It is further ordered that the Respondent, the State of North Carolina, afford this petitioner a new trial within sixty (60) days from date of receipt of a copy of this Opinion and Order or otherwise discharge him and grant him his release.

It is further ordered that the Clerk serve a copy of this Order upon The Honorable Thomas Wade Bruton, Attorney General of the State of North Carolina; Honorable George W. Randall, Director, North Carolina Prison Department, Raleigh, North Carolina; Honorable Robert H. Cowen, United States Attorney, Raleigh, North Carolina; and, petitioner, James Hammond, 835 West Morgan Street, Raleigh, North Carolina.