DEWITT CARPENTER v. STATE.

'(Filed 22 November, 1967.)

1. **Constitutional Law § 32;  Criminal Law § 181—  Where record disclosed that defendant charged with capital offense was not represented by counsel, new trial must be ordered upon post-conviction hearing.**

Where the record discloses that a 17 year old defendant was called upon to plead to an indictment charging him with burglary in the first degree (prior to the statute permitting the jury to recommend life imprisonment for such offense). and that a plea of guilty to second degree burglary was entered on his behalf by an able attorney who had talked with the petitioner only for about five minutes for the sole purpose of explaining to him, at the request of the presiding judge, the difference between the various pleas which might be entered upon such an indictment, that the attorney testified positively that he was not appointed to represent defendant and did not consider himself defendant's counsel, *held* to disclose a deprivation of defendant's constitutional right to be represented by counsel, and to require the ordering of a new trial upon a post-conviction hearing. Constitution of North Carolina, Art. I, § 11; Fourteenth Amendment to the Federal Constitution.

2. **Criminal Law § 21—**

Neither the service of a warrant of arrest on a capital charge nor a preliminary hearing upon the charge is a prerequisite to a valid trial upon a bill of indictment properly returned.

ON *certiorari* to review judgment of *Johnston, J.*, at the 27 March 1967 Session of STANLY, denying the petition of Dewitt Carpenter for post conviction review of the judgment and sentence imposed upon him at the November 1947 Session of Stanly.

The petitioner's petition to the superior court, as amended, alleged that he was sentenced to imprisonment for life at the November 1947 Session of the Superior Court of Stanly County upon his plea of guilty to the offense of second degree burglary. He sought a new trial on the ground that counsel was appointed to represent him at the original trial only a few minutes before the convening of the session of court at which his case was called for trial, and upon the further grounds that he was not given a preliminary hearing, did not have opportunity to summon witnesses, and was questioned numerous times without benefit of counsel.

The petitioner was represented by court appointed counsel at the hearing upon his petition for post conviction relief and in this Court.

Upon the hearing of the petition for post conviction relief, both the petitioner and the State introduced evidence. The superior court adjudged that the petitioner's constitutional rights had not been

violated and that he is lawfully confined in the State Prison System, making findings of fact which may be summarized as follows:

The petitioner was arrested on a warrant charging him with burglary in the first degree and the grand jury returned an indictment charging him with that offense. On 18 November 1947, Rousseau, J., the judge presiding, entered an order which is recorded in the minutes of the court and which provided:

> "It appearing to the court and the court finding as a fact that the above named defendant is charged with the crime of burglary in the first degree; that his case is to be tried at this term of the court; that the defendant is without counsel and states that he is unable to employ counsel to defend him; the court therefore appoints T. B. Mauney, Esq., of the Stanly County Bar, to represent the defendant and prepare his defense in this case and orders that the Board of Commissioners of the County of Stanly pay to the said T. B. Mauney, Esq., for his services so rendered the sum of $100.00."

On 18 November 1947, the petitioner entered a plea of guilty to burglary in the second degree, which plea the State accepted, and the court entered judgment that the defendant be confined in the State Prison for the term of his natural life. The plea was entered for the petitioner by his court appointed counsel, he having explained its consequences to the petitioner. The petitioner was present in the courtroom when the plea of guilty was entered and did not protest its entry. In 1950, while serving such sentence, the petitioner escaped. He was recaptured and escaped again in 1954. This time he remained at liberty until 26 September 1966, when he voluntarily surrendered himself. Since that date he has been confined in the State Prison System under the judgment so entered on 18 November 1947. Until the filing of this petition, the petitioner has at no time protested the disposition of his case at the November 1947 Session of the superior court. Rousseau, J., who presided at the November 1947 Session, the court reporter and most other persons then present in the court have since died, and those persons then present who are still living do not remember the case.

The petitioner excepted to the finding that he had entered a plea of guilty to burglary in the second degree, it being his contention that he did not enter such plea and did not have the effective assistance of counsel in presenting his case. He also excepted to the court's finding that a warrant was served upon him on 11 November 1947, and to the court's conclusion that his constitutional rights had not been violated. These findings and this conclusion are now assigned as error.

⸲ The record contains a warrant, proper in form, issued 11 November 1947, for the arrest of the defendant upon the charge of first degree burglary. There is no entry upon the reverse side of this warrant showing service thereof upon the petitioner.

' At the November 1947 Session of the Superior Court of Stanly County, the grand jury returned an indictment, proper in form, charging the petitioner with the offense of first degree burglary, it being charged in the indictment that on 29 August 1947, at midnight, he feloniously and burglariously broke and entered the dwelling house of Mary Hurt, then actually occupied by her, with the intent to steal and carry away her goods and chattels.

The evidence introduced by the petitioner at the hearing upon his petition for post conviction relief may be summarized as follows:

On 28 August 1947 (the day before the alleged burglary), he was arrested on another charge and put in jail, where he remained until brought to trial on the burglary charge. The warrant for his arrest on the charge of first degree burglary was not served upon him. He remained in jail three months and did not see an attorney until the day before he was tried, at which time he was seated in the courtroom and, in response to an inquiry from the judge or the solicitor as to how he would plead to the indictment, some man sitting beside him, not known to the petitioner, answered "Not guilty." Thereupon, the petitioner was carried back to jail immediately. The following day he was brought back to the courtroom, seated at a desk beside Mr. Mauney, and asked how he would plead. Mr. Mauney then arose and asked if the State would accept a plea of second degree burglary. The petitioner never discussed his case or the plea of second degree burglary with Mr. Mauney or with any other attorney. He did not give Mr. Mauney the names of any of his witnesses. He talked with Mr. Mauney for only about five minutes. Their entire conversation took place in the courtroom. He remained in prison from 1947 to 1954, at which time he escaped and was absent from the prison until September 1966, when he voluntarily went to the Police Department of the City of High Point and surrendered himself. In the meanwhile, he had gotten married and he wanted to get this matter taken care of as he knew he was not guilty and wanted to get it straightened out. At the time of his trial, he was 17 years of age and had completed the sixth grade. At that time he had never been in a superior court before, but had been sentenced in an inferior court to imprisonment for 90 days for breaking and entering a dwelling house. He did not know how to go about telling a presiding judge that he was not guilty. He did not go into the

house specified in the indictment in the nighttime or at any other time, being in jail at the time of the alleged offense. During the 12 years that he was absent from prison as an escapee, he was arrested two or three times for public drunkenness and fined in each case, but was not tried for or convicted of any other offense.

The State's evidence at the hearing upon the petition for post conviction relief consisted of the testimony of Mr. T. B. Mauney. His testimony, summarized, except as otherwise noted, was as follows:

He was a practicing attorney in Stanly County on 18 November 1947. He has no definite recollection concerning the details of the case of *State v. Carpenter,* but he remembers that Judge Rousseau told him that on the preceding day Carpenter had entered a plea of guilty when arraigned on a first degree burglary charge, and the judge was doubtful as to whether Carpenter realized what he was doing. Judge Rousseau asked Mr. Mauney to talk with Carpenter and explain the various pleas and what the results of each might be. At that time Carpenter was sitting in the courtroom at a table. Mr. Mauney went to the table and explained to Carpenter the differences in the various pleas. According to his recollection, Carpenter told him that on the previous day he had entered a plea of guilty to first degree burglary and would like to change it to a plea of guilty to second degree burglary. Mr. Mauney then asked the solicitor if he would accept such plea and the solicitor "finally agreed that he would do so." Mr. Mauney explained to Carpenter that a plea of guilty to first degree burglary would mean that he would be sentenced to death (this being in 1947), and that a plea of guilty to second degree burglary would mean that Carpenter "would get off at the discretion of the court and could not be sent to the chair." Carpenter said nothing to Mr. Mauney about being not guilty or about wanting any witnesses or not being ready for trial. Mr. Mauney talked with Carpenter about five minutes, nothing whatever being said about the facts of the case. He knew nothing of any order directing that a fee be paid to him for representing Carpenter and did not receive any fee therefor. Specifically, Mr. Mauney testified:

> "I had nothing further to do with the case. I didn't represent him at all, didn't know anything about the facts in the case; I didn't cross examine any witnesses. I had absolutely nothing to do with it except to explain the difference in the various pleas. * * * The judge asked me to do a certain job, and I tried to do what he asked me to do. * * * I wasn't his attorney. I didn't know the man; I had never seen him be-

fore; I wasn't here when he was arraigned the day before, but the judge told me."

*Attorney General Bruton, Assistant Attorney General McDaniel and Eugene A. Smith, Trial Attorney, for the State.*
*Charles P. Brown for petitioner appellant.*

PER CURIAM. It is apparent that the petitioner, then a 17 year old boy with a sixth grade education, was called upon to plead to an indictment charging him with a capital offense and that a plea of guilty to second degree burglary was entered on his behalf by an able attorney who had talked with the petitioner for only five minutes and for the sole purpose of explaining to him, at the request of the presiding judge, the difference between the various pleas which might be entered upon such an indictment. The attorney says positively that he was not appointed to represent the petitioner and did not consider himself the petitioner's counsel.

Under these circumstances, it must be deemed that the petitioner was denied the right to counsel guaranteed to him by Article I, § 11, of the Constitution of this State, as well as by the Fourteenth Amendment to the Constitution of the United States, as that amendment is now interpreted by the Supreme Court of the United States. *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918; *State v. Simpson,* 243 N.C. 436, 90 S.E. 2d 708; *Hawk v. Olson,* 326 U.S. 271, 66 S. Ct. 116, 90 L. Ed. 61; *Avery v. Alabama,* 308 U.S. 444, 60 S. Ct. 321, 84 L. Ed. 377; *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527. Consequently, upon his petition for post conviction review of the judgment entered against him at the November 1947 Session of the Superior Court of Stanly County, the superior court should have vacated that judgment and the defendant's plea, and should have ordered a new trial of the petitioner upon the indictment charging him with burglary in the first degree.

The judgment of the superior court upon the hearing of the petition for post conviction relief is therefore reversed, and this cause is remanded to the superior court for the entry in the post conviction proceeding of a judgment in accordance with this opinion.

If, indeed, the warrant for the petitioner's arrest upon the charge of first degree burglary was not served upon him, he may nevertheless be tried upon the indictment for the offense charged therein. Neither the service of a warrant nor the preliminary hearing upon the charge is a prerequisite to a valid trial upon a bill of indictment properly returned. *State v. Hargett,* 255 N.C. 412, 121 S.E. 2d 589.

Reversed and remanded.